UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALEN INSTITUTE, LLC, and JIM LATTANZIO | : |
| Plaintiff | : CASE NUMBER: |
| | : 3:02CV1232-PCD |
| vs. | : |
| | : |
| COMTA, Commission on Massage Therapy Accreditation and CAROLE OSTENDORF, Individually and as Executive Director of COMTA | : February 9, 2004 |
| Defendant. | |

## DEFENDANTS' MOTION TO VACATE JUDGMENT AND SET ASIDE DEFAULT

Now come the defendants, Commission on Massage Therapy Accreditation (COMTA) and Carol Ostendorf, and hereby move this Honorable Court to set aside the default entered on October 23, 2003 and vacate the judgment entered January 28, 2004 and as grounds therefore, the defendant states the following:

1. On August 22, 2002, suit was filed by the plaintiffs, Galen Institute, LLC, and Jim Lattanzio versus the defendants, COMTA, (Commission on Massage Therapy Accreditation) and Carole Ostendorf, individually and as Executive Director of COMTA. Suit was filed against the defendants in seven counts.

2. An Answer was filed by the defendants on November 26, 2002. The

defendants filed the Answer with denials on all counts with no affirmative defenses.

3.   On October 31, 2003, counsel for these defendants received from the Court its order granting the plaintiff's Motion for Default Judgment for Failure to Make Disclosure Statement, which was granted by Judge Dorsey on October 23, 2003. The motion was granted without opposition.

4.   The sole reason no opposition papers were filed regarding plaintiff's motion was that, this office was not served by the plaintiff with a copy of said motion, contrary to F.R.C.P, Rule 5 (a).

5.   By pleading dated November 3, 2003, the defendants filed a Motion to Open Default. That Motion was denied for the defendants' failure to follow the Court's supplemental order regarding service\filing requirements, (the Motion Filing Procedure Before Judge Dorsey).

6.   On November 21, 2003, counsel for the defendants mailed to both counsel for the plaintiffs the Motion to Open Default, which had been amended slightly from its original form dated November 3, 2003. Contemporaneously, pursuant to the Motion Filing Procedure Before Judge Dorsey, counsel for the defendants filed an original Certificate of Service with the Court regarding that motion. On or about December 12, 2003 the pro se litigant, Mr. Lattanzio, served on the defendants an objection to the Motion to Open

Default.

7. Based upon the status of the filings as to the Motion to Open Default, the procedures set forth in the Motion Filing Procedure Before Judge Dorsey, had been followed (to the belief of the defendant) and the defendant's Motion to Open Default is pending before this Court. What counsel for the defendant learned for the first time on February 6, 2004 is that the Motion Filing Procedure Before Judge Dorsey has procedures on the reverse side of the form it is printed on. The copy received by defense counsel only had the front side of the instructions, which did not spell out further procedures for the filing of motions.

8. On January 30, 2004, counsel for the defendant received this Court's order granting the plaintiff's Motion for Judgment upon the Default. The receipt of the Court's order on this motion was the first notice counsel for the defendants had that the plaintiff had filed such a Motion. As with the Motion for Default Judgement, plaintiff did NOT send a copy of the Motion for Judgment upon the default to counsel for the defendants, contrary to F.R.C.P, Rule 5 (a).

9. It is noted that the Court granted plaintiff's Motion for Judgment upon the Default "absent opposition." The defendants would have filed the papers opposing such a Motion, had they been made aware of it. The defendants continue to contest the

allegations set forth in plaintiff's complaint and maintain that they have meritorious defenses in this matter.

10.   The defendants respectfully request this Court note that the filing of this particular Motion should "be excused for good cause shown," from the Motion Filing Procedure Before Judge Dorsey, as set forth in paragraph 1, (m), of those procedures. As a basis for this request, counsel for the defendants represent that:

a. The Court's order of January 28th (received in defendants office on January 30th) scheduled this matter for a hearing in damages on February 9th, leaving insufficient time for all of the parameters of the Motion Filing Procedure to be followed;

b. In the early morning of January 30th, Attorney Vehslage (who has taken over the handling of this matter since Attorney Curtin's departure from this firm in mid December), suffered an accident to his hand which compelled him to be in the emergency room for the day of the 30th and included a followup visit with a hand surgeon on the morning of Monday, February 2. Therefore, Attorney Vehslage did not become aware of the Motion for Judgment upon a Default and the Court's order thereon until the afternoon of February 2.

c. Attorney Vehslage spoke with Attorney Amato and Attorney Amato has

indicated he would not acquiesce to the relief sought by way of this Motion.

    d. Attorney Vehslage has left two messages for Mr. Lattanzio which have gone unanswered, as of the filing of this Motion.

WHEREFORE, the Defendants pray this Honorable Court vacate the judgment entered on January 28 and set aside the default entered on October 23 and allow this matter to go forward on the merits, or alternatively, vacate the judgment entered in this matter and hear the pending Motion to Open Default.

                                          DEFENDANTS
                                          COMTA, ET AL.,

By: _____
      Royce L. Vehslage
      Federal Bar #18006
      Genovese, Vehslage & Chapman
      500 Enterprise Drive
      Rocky Hill, CT 06067
      (860)513-3760

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid and faxed, this 9th day of February, 2004, to the following counsel of record and pro se parties:

    Attorneys for Plaintiffs, Galen Institute
    Thomas Amato
    357 East Center Street
    Manchester, CT  06040

    Attorneys for Plaintiff, Jim Lattanzio
    Jim Lattanzio
    Pro Se
    Galen Institute
    1025 Silas Deane Highway
    Wethersfield, CT  06109

_____
Royce L. Vehslage