

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GALEN INSTITUTE, LLC ET AL. | : | DOCKET NO. 3:02CV1232-PCD |
| v. | : | |
| COMTA ET AL. | : | FEBRUARY 16, 2004 |

OBJECTION TO DEFENDANTS'
MOTION TO VACATE JUDGMENT
AND SET ASIDE DEFAULT

I.  FACTS

The defendants in the above-entitled action have filed a motion, dated February 9, 2004, to vacate the judgment on a default, and to set aside the underlying default. The plaintiff Galen Institute, LLC objects to said motion.

On October 23, 2003 the Court granted the plaintiffs' September 28, 2003 motion for default for failure to disclose statement. The defendants filed a motion to open said default on November 3, 2003, which motion was denied on November 14, 2003 for "failure to comply with the service/filing requirements of this Court's Supplemental Order."

The defendants then, pursuant to paragraph 3 of the Supplemental Order, served upon the plaintiffs another motion to open default on November 21, 2003, and certified service of same by certification of service of even date. Although the Court stated in its February 6, 2004 order re scheduling that no opposition had been served regarding said motion, the plaintiff James J. Lattanzio, Jr. served on December 12, 2003 an eighteen page objection to defendants' motion to open default, pursuant to paragraph 4(b) of the Supplemental Order. Paragraph 4(b) implies that filing a certificate of service of such memorandum in opposition is discretionary with the moving party, and Mr. Lattanzio apparently filed no such certificate of service. Mr. Lattanzio served said objection by delivering the original thereof to the office of the defendants' counsel of record on December 12, 2003. The defendants, however, then failed to file their original November 21, 2003 motion along with the original objection that had been delivered to counsel on December 12, 2003.

Upon the plaintiff James J. Lattanzio, Jr.'s motion for judgment on default, the Court entered a judgment on the default on January 28, 2004.

The defendants, although clearly aware of the existence of the order of default, performed no other activity until February 6, 2004, three days prior to the scheduled hearing in damages, when they faxed the aforementioned motion to vacate judgment and set aside default.

II.    DISCUSSION

F.R.C.P. 55(c) governs the setting aside of defaults, and states

> [f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

F.R.C.P. 60(b) permits a court to relieve a party from a final judgment for six reasons, the two most applicable of which appear to be

> (1) mistake, inadvertence, surprise, or excusable neglect;…or (6) any other reason justifying relief from the operation of the judgment.

In paragraph 6 of the defendants' February 9, 2004 motion to vacate judgment and set aside default, the defendants acknowledge that they received Mr. Lattanzio's objection to their November 21, 2003 motion to open default. The defendants attempt to explain their subsequent inaction by alleging that they were not in possession of both sides of the Supplemental Order. This assertion is without merit for two reasons. First, the original summons and complaint had attached thereto a full copy of the Supplemental Order. Second, it is difficult to understand how the defendants could have conceived that the Court could have adjudicated their motion to open default simply by the filing of an original certificate of service, as recited in paragraph 6 of said February 9, 2004 motion.

The defendants further assert that they were unaware of the plaintiff James J. Lattanzio, Jr.'s motion for judgment upon the default. Mr. Lattanzio has provided, in his objection to the defendants' motion to open default, an affidavit of service in support of his contention that he did mail copies of all motions to defendants' counsel. It is easy to direct unjustified blame

4

for non-service of pleadings on pro se parties, but that excuse should find no place in this action.

The reason for the default was the defendants' failure to comply with the standing order re: disclosure statement. When the defendants first learned, according to paragraph 3 of the subject motion, on October 31, 2003 of the entry of the default, it is interesting to note that they did not file promptly thereafter the required disclosure. They still have not filed or served the required disclosure. It required the February 6, 2004 order re scheduling to finally instill the importance of compliance with mandatory disclosure rules.

The defendants have failed to demonstrate in said February 9, 2004 motion any "mistake, inadvertence, surprise, or excusable neglect" which would warrant the vacating of the judgment. F.R.C.P. 60(b). Nor have the defendants demonstrated "good cause" for setting aside the default, in light of their inaction for nearly two months after the objection to their motion to open default was served upon them. F.R.C.P. 55(c).

III. <u>CONCLUSION</u>

Based upon the foregoing discussion, the plaintiff Galen Institute, LLC prays for the following relief:

1. That the Court deny with prejudice the defendants' February 9, 2004 motion to vacate judgment and set aside default; or

2. If the Court grants said motion, that the Court tax the costs and attorney's fees, including but not limited to expert witness fees and travel costs, generated by the plaintiffs with respect to the preparation for the hearing in damages, upon the submission of a bill of costs and fees for same by the plaintiffs, and that the setting aside of the default and the vacating of the judgment be conditioned upon the payment of said costs and fees.

```
                              Galen Institute, LLC


                         By _____
                              Thomas A. Amato
                              357 East Center Street
                              Manchester, CT 06040
                              Federal bar number ct14221
                              Its Attorney
```

This is to certify that on February 16, 2004 a copy of the original Objection was mailed to all counsel and pro se parties of record, particularly:

Royce L. Vehslage
500 Enterprise Drive
Rocky Hill, CT 06067

James J. Lattanzio, Jr.
1025 Silas Deane Highway
Wethersfield, CT 06109

_____
Thomas A. Amato

7