ORG TO Be Appended to D' Motion

UNITED STATES DISTRICT COURT
FILED   DISTRICT OF CONNECTICUT

| | |
|---|---|
| JIM LATTANZIO, INDIVIDUALLY<br>&<br>GALEN INSTITUTE LLC, ACTING BY<br>JIM LATTANZIO, ITS SOLE MEMBER<br>PLAINTIFFS<br><br>vs.<br><br>COMMISSION ON MASSAGE THERAPY<br>ACCREDITATION (COMTA), ET AL<br>DEFENDANTS | CASE NO. 3:02CV1232 (PCD)<br><br>PLAINTIFFS OBJECTION<br>TO DEFENDANTS MOTION<br>TO OPEN DEFAULT<br><br>DECEMBER 12, 2003 |

Now comes the plaintiff, Jim Lattanzio and within 21 days he objects to the defendant's motion to open default, dated November 21, 2003. As grounds therefore, the plaintiff states and submits the following as his <u>memorandum</u> thereof:

The defendants through their local and parent corporate council have proceeded in this matter with extreme bad faith. They have with intent, abused the Connecticut local rules of procedure to work an injustice and to harass, cost and delay the plaintiffs case. They have not been forthright with truthful information and certainly not with corporate disclosure. They have also used discovery information outside these proceedings in an attempt to harass, intimidate and cause damage to the plaintiffs business. These acts by the defendants and there local as well as corporate counsels are blatant and intentional and have been committed for the proposes, to circumvent justice and the plaintiffs case. The following paragraphs with exhibits should clearly show that the intent of the defendants and their counsel are clearly not to fairly adjudicate this matter and that they have not been conducting themselves ethically:

**Service of plaintiff's motion:**

1. This plaintiff did serve upon the defendants and certify as to such service a copy of his motion for default, dated September 28, 2003, see exhibit A, affidavit;

2. The defendants have stated that they did not receive a copy of said motion, however pursuant to FRCP 4, the defendants were served;

3. Upon information and belief, the defendants took no action on said notice because they wanted to stall this matter, knowing it is very easy to file a motion to open and in most instances it is granted;

**Defendants Bad Faith:**

4. This plaintiff discovered that the defendant COMTA is in fact a d/ba/ of the American Massage Therapy Association, (hereinafter AMTA), with offices in Illinois, through a judicial admission made by the AMTA to a Federal Court in Kansas on September 10, 2003, see exhibit B, motion from;

5. Pursuant to the Special Orders, Supplemental Orders, this plaintiff contacted local counsel for this defendant for his consent or objection to the joining in of the parent corporation AMTA, a fact now known that was not disclosed as per local Order, RE: Disclosure Statement, clearly states in part; "any party to action shall identify all its parent corporations;"

6. The AMTA is in fact the parent corporation of the defendant COMTA and was never identified as such by defendants as required;

7. The defendants have still not, even within their motion to open, identified the AMTA as the defendants parent corporation;

8. Counsel for defendants had and has full knowledge of corporation structure and AMTA control by its and the following actions;

**Bad Faith in the abuse of the local rules:**

9. Upon notifying the defendants local counsel of plaintiffs intentions in early September to join in AMTA, local defense counsel then transmitted this information directly to AMTA corporate counsel;

10. Corporate counsel for the AMTA then created a civil action, co-naming the plaintiff, James Lattanzio as a defendant alleging a "trade infringement" and filed said action on September 26, in the Federal Court in Northern District of IL, see exhibit C, first page;

11. This plaintiff had to wait, pursuant to special filing orders and give notice, before he could file any motions to join in other defendants;

12. This communication is confirmed by the conduct of the local counsel during the scheduled deposition taken of this plaintiff by the defendants local counsel on November 6, 2003;

13. Said deposition was requested by local counsel through motion to this Court and ordered by this Court so that the defendants could file a motion for summary judgment by November 30, 2003, which they have not, even after they claimed to have valid defenses;

14. The defendants since the beginning of this case, July 18, 2002 have conducted NO discovery what so ever;

15. During the middle of said deposition at or around 2:30 PM, counsel for defendants requested to end deposition, and requested it to be continued;

16. Both plaintiff and counsel for plaintiff Galen Institute wanted to continue with deposition because they had scheduled the whole day for said deposition and this Court ordered deposition and all discovery to be completed by November 7, 2003, nevertheless, the deposition was terminated at that time;

17. Upon this plaintiff leaving the lobby of the defendants local counsel he was met by a marshal and served with a summons dated November 5, 2003 along with a complaint dated September 26 from the defendants corporate counsel AMTA; see exhibit D, summons;

18. For this act to be accomplished there had to have been communication between the local and corporate counsel;

19. It is extremely bad faith and costly to the plaintiff, who retained counsel to interrupt or intentionally terminate a deposition so that you don't have to keep a marshal waiting;

20. It is an intentional misuse of the rules and the special orders that the plaintiff was obligated to follow in notifying the defendants of his intentions only to have a scheme worked against him;

**Bad Faith in discovery abuse from this matter:**

21. In addition to the acts above the defendants local counsel, immediately forwarded an unsigned copy of the transcript of said deposition of the plaintiff to the corporate counsel for AMTA;

22. The corporate counsel for AMTA then used partial excerpts from that transcript in a reply brief to the IL Court in an attempt to support a motion for injunction it had filed;

23. In using said excerpts, they took the plaintiffs statements out of context;

24. This plaintiff had not had the opportunity to review or sign said transcript as of this date, however the statements made within were used and pled to a Court as factual by the corporate counsel for AMTA to support its new case;

**Bad Faith in discovery abuse outside this matter:**

25. In addition to the above, and upon transmitting the transcript to the corporate counsel for AMTA, they then transmitted certain specific information regarding the testimony of the plaintiff to an outside party to be used against the plaintiff;

26. The plaintiff stated in his deposition testimony that the Connecticut department of public health issued a "declaratory ruling" that allowed him to stay in business, despite of the negative actions of the defendants COMTA;

27. Upon receipt of this information by corporate counsel for AMTA, they then passed this information on to one Linda Derrick, local chapter member of the AMTA and the school director of the Connecticut Center for Massage Therapy, CCMT, the other party the plaintiff intends to join in;

28. Linda Derick, as a concerned citizen, then files through corporate counsel for the Connecticut Center for Massage Therapy, a "request to the Connecticut department of public health, for a new "declaratory ruling" that would put the plaintiff out of business; see exhibit E, request;

Wherefore, these above acts of the defendants, their local counsel as well as their corporate counsel for AMTA are intentional. It is well-established law that actions of one can always infer intent. They clearly show that they are in fact acting in bad faith regarding this matter. For anyone to believe that these actions or events are merely coincidental and not intentional would be extremely difficult.

The defendants not only failed to disclose who controls or pulls the strings here, but the real string pullers have acted within this matter to circumvent the ethical adjudication of justice. The plaintiff feels compelled to point these issues out to this Court at this time, in a supporting matter to his motion for default and his objection to the defendants motion to open. The defendants and what can be inferred by their counsel's direct actions will stop at nothing to succeed. The acts by the defendants also clearly show that they have no intent of conducting what is legitimate discovery, to support there defense but to unjustly attack, harass and cost this plaintiff additional expenses. These defendants and the AMTA don't want to fairly deal with this matter, they want to use every dirty trick and unethical means they can come up with in an attempt to destroy the plaintiff. These acts by the defendants and counsel indicate that pleading that they did not receive a copy of the default cannot be relied upon as an argument to open the default. As we draw closed to trial in several months, using any tactic to stall even unethical ones should not be rewarded. This plaintiff asks this Court to consider the time and effort the defendants have employed to go outside the system to attack this plaintiff instead of addressing the actual complaint of the plaintiff.

Although this plaintiff is a pro se litigant, he has conscientiously read and tried to respectfully comply for the most part with the rules of this Court and Judge Dorsey

in an attempt to fairly settle this matter. He expected the defendants to do the same, however they have not. In fact, they have intentionally gone outside the rules.

Because the defendants are in fact part of or have a parent corporation and have failed to disclose that fact according to the rules, they should be defaulted on that issue, their motion to open should be denied, with prejudice.

BY
JIM LATTANZIO, pro se

*[signature]*

Galen Institute, LLC
1025 Silas Deane Highway
Wethersfield, CT 06109
(860) 721-1904

### CERTIFICATION OF SERVICE

This is to certify that on December 12, 2003, certification to this objection was sent to the District Court and that a copy of the above OBJECTION was hand delivered to the following:

TO: Counsel for all defendants

Greg Curtin
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067

And

Thomas A Amato for Galen Institute
357 East center St
Manchester CT 06040

BY
JIM LATTANZIO, pro se

*[signature]*
Jim Lattanzio,

A.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JIM LATTANZIO, ET AL ) | |
| ) | |
| PLAINTIFFS ) | CASE NO. 3:02CV1232 (PCD) |
| ) | |
| ) | AFFIDAVIT OF |
| vs. ) | MARJORIE HICKEY |
| ) | |
| COMMISSION ON MASSAGE THERAPY ) | |
| ACCREDITATION (COMTA), ET AL ) | |
| DEFENDANTS ) | DECEMBER 12, 2003 |

I, MARJORIE HOCKEY, being duly sworn, do hereby depose and say of my own personal knowledge that:

1. I am over eighteen (18) and I understand and appreciate the obligations of an oath within an affidavit.
2. I work at Galen Institute located at 1025 Silas Dane Hwy, Wethersfield CT, 06109 and for James Lattanzio.
3. I have knowledge of the mailing of a legal notice that is in question.
4. That on the 28th of September, 2003, I did type up, have Mr. James Lattanzio sign, then made copies of a document titled "motion for default."
5. That I did place it in the mail, with first class postage, addressed to the law firm of:
   Greg Curtin
   Genovese, Vehslage & Chapman
   500 Enterprise Drive
   Rocky Hill, CT 06067
6. I hereby state under oath that the above is accurate and true.

_____
Marjorie Hickey

STATE OF CONNECTICUT)

ss Hartford

COUNTY OF HARTFORD)

Sworn and subscribed before me this 12 day of December, 2003.

_____
Notary Public
EXAM 9/30/0?

Judicial Admission

B 19
O of 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS FOLKERS, d/b/a COUNCIL OVERSEEING MEDICAL & MASSAGE THERAPY ACCREDITATION, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs | ) ) Case Nº 03-2399-KHV ) |
| AMERICAN MASSAGE THERAPY ASSOCIATION, INC.; AMERICAN MASSAGE THERAPY ASSOCIATION, INC., d/b/a COMMISSION ON MASSAGE THERAPY ACCREDITATION; and CAROLE OSTENDORF, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

COMES NOW, defendants American Massage Therapy Association, Inc., American Massage Therapy Association, Inc., d/b/a Commission on Massage Therapy Accreditation and Carole Ostendorf by and through their attorneys of record, and move this Court for an Order Dismissing plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action upon which relief can be granted.

In support of this motion, defendants submit herewith their Memorandum in Support of Motion to Dismiss.

FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
(913) 339-6757 / (913) 339-6187 (FAX)

By: /S/ Michelle R. Stewart

David P. Madden, dmadden@fisherpatterson.com #12740
Michelle R. Stewart mstewart@fisherpatterson.com #19260
Daniel C. Estes, destes@fisherpatterson.com #
ATTORNEYS FOR DEFENDANTS
AMERICAN MASSAGE THERAPY ASSOCIATION, INC., AMERICAN MASSAGE THERAPY ASSOCIATION, INC., D/B/A COMMISSION ON MASSAGE THERAPY ACCREDITATION AND CAROLE OSTENDORF