IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN MASSAGE THERAPY ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| CHRIS FOLKERS, d/b/a COUNCIL OVERSEEING MEDICAL & MASSAGE THERAPY ACCREDITATION and JAMES LATTANZIO, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff American Massage Therapy Association ("AMTA") complains against defendants Chris Folkers ("Folkers") d/b/a Council Overseeing Medical & Massage Accreditation ("COMMTA") and James Lattanzio ("Lattanzio") as follows:

### INTRODUCTION

1. The plaintiff AMTA established the Commission on Massage Therapy Accreditation, also known as COMTA, as an independent accrediting body to provide accreditation of massage therapy schools and educational programs. AMTA owns the certification marks COMTA and COMMISSION ON MASSAGE THERAPY ACCREDITATION, which are used by authorized, accredited massage therapy schools and educational programs to indicate to the public that they have achieved COMTA accreditation.

2. With full knowledge of AMTA's COMTA and COMMISSION ON MASSAGE THERAPY ACCREDITATION certification marks, the defendants have adopted the certification marks COMMTA and COMMISSION OVERSEEING MEDICAL & MASSAGE

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

ALIAS   SUMMONS IN A CIVIL CASE

AMERICAN MASSAGE THERAPY ASSOCIATION

V.

CHRIS FOLKERS, et al.

CASE NUMBER: 03 C 6820

ASSIGNED JUDGE: Judge Bucklo

DESIGNATED MAGISTRATE JUDGE: Magistrate Judge Levin

TO: (Name and address of Defendant)

James Lattanzio
1025 Silas Deane Hwy
2nd Floor
Wethersfield, CT 06109

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas P. White
SCHIFF HARDIN & WAITE
6600 Sears Tower
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

NOV - 5 2003
DATE



CONNECTICUT DEPARTMENT OF PUBLIC HEALTH

IN RE: DECLARATORY RULING  :
ON THE LICENSURE OF        :
MASSAGE THERAPISTS         :                NOVEMBER 26, 2003

REQUEST FOR DECLARATORY RULING AND SUPPORTING
MEMORANDUM OF LAW

I.  **Introduction**

Linda Derick, a licensed massage therapist[1] and interested person, concerned for the value of her professional license and the reputation and integrity of her profession, as well as her own professional well-being and livelihood, hereby requests that the Department of Public Health issue a declaratory ruling, pursuant to Conn. Gen. Stat. § 4-176 and Department of Public Health Regulations §19a-9-12, regarding the applicability of Connecticut General Statutes § 20-206b in response to the following question:

> May a graduate of a school of massage therapy that has received a Certificate of Authorization pursuant to Conn. Gen. Stat. § 20-206b(c), but which has not otherwise been accredited pursuant to § 20-206b(a)(1)(A), (B), or (C), and who graduates more than thirty-three months after the school first offered the curriculum completed by that graduate, apply for licensure as a massage therapist in the State of Connecticut?

II.  **Argument**

A.  **Legislative History**

A major step in the effort of massage therapists to distinguish themselves as professionals and to establish their professional integrity was the passage by the Connecticut Legislature of House Bill 5001 in 1988. This Act established a certifying procedure for a number of professions in Connecticut, among them massage therapy. Although there was no substantive debate on either the House or Senate floor concerning massage therapists, the testimony about massage therapy before the Joint Standing Committee on Public Health reveals an overriding concern for establishing the professional integrity and respect of massage therapy and its practitioners.[2] Although House Bill 5001, as passed, authorized a certification procedure for massage therapy, the

---

[1] See Conn. Gen. Stat. §§ 20-206a *et seq.*

[2] *See* Testimony of Shirley Cooper before the Joint Standing Committee on Public Health, February 25, 1988, pp. 57-58 ("I think it is time that we are recognized for who we are as professionals. And that is why we are coming before you for certification."); Testimony of Steve Kitts before the Joint Standing Committee on Public Health, February 25, 1988, pp. 58-60 ("Massage therapy is practiced by educated and trained practitioners as a health profession ... We would like to see Connecticut recognize these current trends, as have other states, and acknowledge massage therapy as an emerging health profession.")

Department of Public Health did not implement a certifying procedure due to budget constraints.[3] Subsequently, the Legislature passed Senate Bill 71, entitled, "An Act Concerning Licensure of Massage Therapists" (hereinafter the "Massage Therapist Licensure Act," or the "Act"), in 1992, in order to ensure that a regulatory procedure was implemented. One section of the Act[4] provided that only graduates of accredited massage therapy schools may take the licensure examination for massage therapists; this section is vital in ensuring that massage therapists are professionally trained. An important aspect of the Act was to restrict the profession of massage therapy to those who had been adequately and properly trained in necessary aspects of health care.[5]

---

[3] *See* Testimony of Stanley Peck before the Joint Standing Committee on Public Health, March 3, 1992, S.B. 71 ("Several years ago, the Legislature mandated in PA 88-62 that the Department [of Public Health] implement a certification program for massage therapists ... The appropriation that accompanied the public act became part of the agency's mandated budget reduction and the program was never implemented."

[4] Conn. Gen. Stat. § 20-206b(a) provides:
> No person shall engage in the practice of massage therapy unless the person has obtained a license from the department pursuant to this section. Each person seeking licensure as a massage therapist shall make application on forms prescribed by the department, pay an application fee of three hundred dollars and present to the department satisfactory evidence that the applicant: (1) Has graduated from a school of massage therapy offering a course of study of not less than five hundred classroom hours, with the instructor present, and, at the time of the applicant's graduation, was either (A) *accredited by an agency recognized by the United States Department of Education or by a state board of postsecondary technical trade and business schools, or (B) accredited by the Commission on Massage Therapy Accreditation*, and (2) has passed the National Certification Examination for Therapeutic Massage and Bodywork. Passing scores on the examination shall be prescribed by the department. (emphasis added)

[5] Legislative history also supports the concern for the importance of the accreditation requirement. In P.A. 93-296, the Legislature made a technical change to replace the accreditation agency AMTA with COMTAA. In testimony before the Joint Standing Committee on Public Health Wes Sager explained,
> The entire responsibility for AMTA program approval has recently been shifted to a separate agency under the AMTA called the Commission on Massage Training Accreditation/Approval, or COMTAA. This transfer of responsibility was undertaken for several important reasons, one of which was to give the approval process the dedicated attention it deserved.

Testimony of Wes Sager before the Joint Standing Committee on Public Health in favor of S.B. 1064, March 23, 1993, p. 1731.
Concern for the professional integrity and respect of massage therapists is revealed to be the driving force behind this Act in its legislative history:
> ... The bill permits the certifying and licensure of massage therapists. It also removes them from the obligation of being taxed as massage – those working in massage parlors and I think it finally places these professionals in a proper place in the public health system.

Senator Matthews, May 5, 1992, S.B. 71.
A significant amount of testimony before the Joint Standing Committee on Public Health also supports the notion that the professional integrity of massage therapy was a driving force behind the bill. *See* Remarks of Sen. Gunther on the Joint Standing Committee for Public Health, March 3, 1992, pp. 623-624
> "But, let me tell you there's a lot of trouble out there, and part of their trouble, and I have great empathy for these people who advertise and say that they are board certified and that type of thing that are up all night answering the telephone that somebody wants service in a hotel room. And I think there has to be some way to take and get some control, because the abuse is both to these people and also to the general public because anybody can open up a shop and go to work and be nothing but a rub artist, with no more background than that, even if it is supposed to be a massage. So somewhere along the line we ought to be able to do something, because I do think it's in the protection of the people of the State of Connecticut and also the people who are practicing their art."

*[handwritten margin note: "Deals w/ aMT and not schools"]*

In 1993, the legislature created a time-limited exception to the requirement that those taking the examination graduate from accredited schools.[6] This exception allows a graduate of an unaccredited school to seek licensure while the school was going through the process of obtaining accreditation, as long as (i) the school had obtained a temporary Certificate of Authorization from the Commissioner of Higher Education; and (ii) the person seeking licensure graduated within thirty-three months from the time the school first offered the massage therapy curriculum.[7] This was to avoid penalizing the students who completed their training prior to the completion of the accreditation process.[8] In case any doubt remained as to the limitation of this exception, Conn. Gen. Stat. § 20-206b(c) concludes with the following sentence: "No license shall be issued under this subsection to a graduate of a school that fails to *apply for and obtain* accreditation by (1) an accrediting agency recognized by the United States Department of Education or (2)

---

*See also* Remarks of Rep. Cocco, Joint Standing Committee on Public Health, March 3, 1992, S.B. 71, p. 627 ("So I would agree with Senator Gunther that we have a real problem here and there must be some way for us to address it to protect those people who are legitimately practicing what their profession is."); Testimony of Shirley Cooper before the Joint Standing Committee on Public Health Concerning S.B. 71, March 3, 1992, pp. 655-657 ("We are a true health care profession and I think it's time that we were recognized for who we are."); *Id.* at 661 ("Our intent at the moment is to get ourselves first recognized as State health care professionals... I think we need to protect ourselves by having our credibility established once and for all."); Testimony of Susan Devereaux before the Joint Standing Committee on Public Health in favor of S.B. 71, March 3, 1992, pp. 683-685 ("So what we are really looking for is to find a way in which our profession can be really recognized as a health profession... I think it's time to take massage out of the dark, get it out of the parlors, put it in the light and give it the respect it deserves as a health profession..."); Testimony of Dr. Bonnie Emerson D.C. before the Joint Standing Committee on Public Health in favor of S.B. 71, February 25, 1992 ("Due to the value of theraputic [sic] massage as a health profession, I feel that state certification of massage therapists is of utmost importance to both the profession and the public.")

[6] Conn. Gen. Stat. § 20-206b(c) provides as follows:
Notwithstanding the provisions of subsection (a) of this section, the department may issue a license to an applicant whose school of massage therapy does not satisfy the requirement of subparagraph (A) or (B) of subdivision (1) of said subsection, provided the school held, at the time of the applicant's graduation, a certificate issued by the Commissioner of Education pursuant to section 10-7b and provided the applicant graduated within thirty-three months of the date said school first offered the curriculum completed by the applicant. No license shall be issued under this subsection to a graduate of a school that fails to apply for and obtain accreditation by (1) an accrediting agency recognized by the United States Department of Education or (2) the Commission on Massage Therapy Accreditation within thirty-three months of the date said school first offered the curriculum.

[7] The intent behind the 33-month provision is also revealed in the testimony of Wes Sager before the Joint Standing Committee on Public Health in favor of S.B. 1064, March 23, 1993, pp. 1731-32 ("Any school that wants to be accredited can only apply for that credential after it has operated and offered its complete academic program for two full years. Therefore, in order for any new school or program of study to be established in Connecticut, there needed to be a candidacy period within which graduates of that school could be granted a license even though the school by law could not be formally approved ... The technical changes simply allows a 33 month grace period for a new school that has been granted approval by the Connecticut Commissioner of Education to seek full accredited and approved status. Graduates of that school would qualify for licensure during the candidacy period *assuming the school meets the eligibility standards for accreditation approval and makes its application as soon as it has surpassed the two year requirement*. Again, *this change does not alter or affect the standards in qualifications for licensure originally established* by the Department of Health Services." (emphasis added).

[8] See footnote 7, above.

*[Handwritten margin annotations: "Unconstitutional", "Force A School to Enter into A Contract", "In Equity"]*

the Commission on Massage Therapy Accreditation within thirty-three months of the date said school first offered the curriculum." (emphasis added)

Permitting licensure of graduates of schools operating with only the initial Certificate of Authorization from the Commissioner of Higher Education, and that have not obtained accreditation after the statutory 33-month time limit, is to remove the essential guarantee of professional training that Conn. Gen. Stat. § 20-206b was intended to provide. It runs contrary to the intent of the Massage Therapy Licensure Act and P.A. 93-296, which established the 33-month grace period in the first place. Allowing graduates of unaccredited schools to become licensed would render both the statutory accreditation requirement meaningless and the necessity of an exception superfluous. Such action threatens the long-fought-for and statutorily-protected integrity of the profession of massage therapy. In addition, such refusal to give effect to the statutory protections of the profession diminishes the value of the massage therapy license held by professionals, such as Ms. Derick, who have graduated from accredited massage therapy schools. This refusal to enforce accreditation standards threatens each licensed massage therapist's own professional status and livelihood.

Any interpretation of § 20-206b(c) that would equate the authorization issued by the Connecticut Commissioner of Higher Education with the accreditation recognized in Conn. Gen. Stat. § 20-206b(a) runs contrary not only to the language of § 20-206b(c), but ignores the fact that subsection (c) was intended only to provide temporary relief. Clearly, this section does not vest any agency of the State of Connecticut with the responsibility or the power to provide accreditation; it does not even vest any agency of the State of Connecticut with the power to *recognize* valid massage therapy school accrediting agencies.[9] The intent of the language allowing for accreditation by an agency recognized as an accrediting agency by a state board of postsecondary technical trade and business schools was subsequently inserted to account for massage therapists who had been licensed out-of-state.[10] It was not intended to create a short cut for licensing of

---

[9] Although Conn. Gen. Stat. § 20-206b(a) was amended in 1995 (P.A. 95-328) to allow accreditation by an agency *recognized* by the Connecticut Department of Education, this language was deleted in a subsequent amendment (P.A. 97-213). Between passage of P.A. 95-328 and passage of P.A. 97-213 Conn. Gen. Stat. § 20-206b(a) read, in relevant part, "[e]ach person seeking licensure as a massage therapist shall ... present to the department satisfactory evidence that he (1) has successfully completed a course of study ... at a school of massage therapy which (A) is accredited by an accrediting agency recognized by *the Department of Higher Education in this State*, the Department of Education, or an equivalent state agency, of the state in which the school is located ..." After passage of P.A. 97-213, the section was amended to read, in relevant part, "Each person seeking licensure as a massage therapist shall ... present to the department satisfactory evidence that he (1) has graduated from a school of massage therapy ... (A) accredited by an agency recognized by the [Department of Higher Education in this state, the *Department of Education, or an equivalent state agency, of the state in which the school* is located or by the] *United States Department of Education and approved by the American Massage Therapy Association* ..." (Language in brackets was deleted. Emphasis added.)

[10] The legislative history of P.A. 99-126, which added the "state board of postsecondary technical trade and business schools" language, clearly evinces this purpose. *See* Remarks of Rep. Orange, House of Representatives, May 5, 1999 in support of H.B. 5468 ("A number of massage therapists who are trained in other states in an accredited massage therapist training program[ ] have found they are not eligible to be licensed in Connecticut. This bill seeks to remedy this problem by expanding the qualifying educational requirements for licensure in Connecticut.") *See also* Remarks of Sen. Harp in favor of H.B. 5468, Senate,

students who had received their training in this state, but was inserted to accommodate massage therapists who had been licensed in another state and who had then moved here, and as a matter of comity. The limited review process designed by the Department of Higher Education was never intended to be, and is not, the equivalent of accreditation.

## IV. Conclusion

It is for the foregoing reasons that the Department of Public Health should clarify its stand and assume its statutory role in enforcing the accreditation requirements of Conn. Gen. Stat. § 20-206b, to protect the profession of massage therapy and the people of the State of Connecticut. Linda Derick, a licensed Connecticut massage therapist, therefore requests that the Department of Public Health issue a declaratory ruling as follows:

> "A graduate of a school of massage therapy that has received a Certificate of Authorization pursuant to Conn. Gen. Stat. § 20-206b(c), but which school has not otherwise been accredited pursuant to § 20-206b(a)(1)(A), (B), or (C), and who graduates more than thirty-three months after the school first offered the curriculum completed by that graduate, is not eligible for licensure as a massage therapist in the State of Connecticut pursuant to Conn. Gen. Stat. § 20-206b."

REQUESTER, Linda Derick

By _____
Paul B. Zolan, of
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
CityPlace I, 185 Asylum Street
Hartford, Connecticut 06103
Her Attorneys

---

May 20, 1999, pp. 2161-63; Testimony of Yvonne Jeffery before the Joint Standing Committee on Public Health in favor of H.B. 5468, March 9, 1999, pp. 1233-36; Testimony of Deborah Latulippe before the Joint Standing Committee on Public Health in favor of H.B. 5468, March 9, 1999, pp. 1236-38; Testimony of Kerry Ford before the Joint Standing Committee on Public Health in favor of H.B. 5468, March 9, 1999, pp. 1245-46.

A copy of the foregoing was mailed to:

Janice Legnani, President
CT Chapter-American Massage Therapy Association
10 Burr Court
Southington, CT 06489

Carole Ostendorf, Ph.D.
Commission on Massage Therapy Accreditation
1007 Church St., Suite 302
Evanston, IL 60201-5912

Elizabeth Lucas, Executive Director
American Massage Therapy Association
820 Davis St., Suite 100
Evanston, IL 60201

Les Sweeney, Executive Vice President
Associated Bodywork and Massage Professionals
28677 Buffalo Park Rd.
Evergreen, CO 80439-7347

Valerie Lewis, Commissioner
State of Connecticut
Department of Higher Education
61 Woodland St.
Hartford, CT 06105-2326

Jonas Zdanys, Ph.D.
Associate Commissioner, Academic Affairs
State of Connecticut
Department of Higher Education
61 Woodland St.
Hartford, CT 06105-2326

Stephen Kitts
Connecticut Center for Massage Therapy
75 Kitts Lane
Newington, CT

Teamwork, LLC
11 Center Street
Norwich, CT 06360

Galen Institute & Clinic
1025 Silas Deane Highway
Wethersfield, CT 06109

Galen Institute Stamford
1200 Summer Street
Stamford, CT 06905

Galen Institute
260 S. Frontage Rd, Suite 205
New London, CT 06302

Fox Institute of Business
99 South Street
West Hartford, CT 06110

7