8. Counsel for defendants had and has full knowledge of corporation structure and AMTA control by its and the following actions;

**Bad Faith in the abuse of the local rules:**

9. Upon notifying the defendants local counsel of plaintiffs intentions in early September to join in AMTA, local defense counsel then transmitted this information directly to AMTA corporate counsel;

10. Corporate counsel for the AMTA then created a civil action, co-naming the plaintiff, James Lattanzio as a defendant alleging a "trade infringement" and filed said action on September 26, in the Federal Court in Northern District of IL, see exhibit C, first page;

11. This plaintiff had to wait, pursuant to special filing orders and give notice, before he could file any motions to join in other defendants;

12. This communication is confirmed by the conduct of the local counsel during the scheduled deposition taken of this plaintiff by the defendants local counsel on November 6, 2003;

13. Said deposition was requested by local counsel through motion to this Court and ordered by this Court so that the defendants could file a motion for summary judgment by November 30, 2003, which they have not, even after they claimed to have valid defenses;

14. The defendants since the beginning of this case, July 18, 2002 have conducted NO discovery what so ever;

15. During the middle of said deposition at or around 2:30 PM, counsel for defendants requested to end deposition, and requested it to be continued;

16. Both plaintiff and counsel for plaintiff Galen Institute wanted to continue with deposition because they had scheduled the whole day for said deposition and this Court ordered deposition and all discovery to be completed by November 7, 2003, nevertheless, the deposition was terminated at that time;

17. Upon this plaintiff leaving the lobby of the defendants local counsel he was met by a marshal and served with a summons dated November 5, 2003 along with a complaint dated September 26 from the defendants corporate counsel AMTA; see exhibit D, summons;

18. For this act to be accomplished there had to have been communication between the local and corporate counsel;

19. It is extremely bad faith and costly to the plaintiff, who retained counsel to interrupt or intentionally terminate a deposition so that you don't have to keep a marshal waiting;

20. It is an intentional misuse of the rules and the special orders that the plaintiff was obligated to follow in notifying the defendants of his intentions only to have a scheme worked against him;

**Bad Faith in discovery abuse from this matter:**

21. In addition to the acts above the defendants local counsel, immediately forwarded an unsigned copy of the transcript of said deposition of the plaintiff to the corporate counsel for AMTA;

22. The corporate counsel for AMTA then used partial excerpts from that transcript in a reply brief to the IL Court in an attempt to support a motion for injunction it had filed;

23. In using said excerpts, they took the plaintiffs statements out of context;

24. This plaintiff had not had the opportunity to review or sign said transcript as of this date, however the statements made within were used and pled to a Court as factual by the corporate counsel for AMTA to support its new case;

**Bad Faith in discovery abuse outside this matter:**

25. In addition to the above, and upon transmitting the transcript to the corporate counsel for AMTA, they then transmitted certain specific information regarding the testimony of the plaintiff to an outside party to be used against the plaintiff;

26. The plaintiff stated in his deposition testimony that the Connecticut department of public health issued a "declaratory ruling" that allowed him to stay in business, despite of the negative actions of the defendants COMTA;

27. Upon receipt of this information by corporate counsel for AMTA, they then passed this information on to one Linda Derrick, local chapter member of the AMTA and the school director of the Connecticut Center for Massage Therapy, CCMT, the other party the plaintiff intends to join in;

28. Linda Derick, as a concerned citizen, then files through corporate counsel for the Connecticut Center for Massage Therapy, a "request to the Connecticut department of public health, for a new "declaratory ruling" that would put the plaintiff out of business; see exhibit E, request;

5

Wherefore, these above acts of the defendants, their local counsel as well as their corporate counsel for AMTA are intentional. It is well-established law that actions of one can always infer intent. They clearly show that they are in fact acting in bad faith regarding this matter. For anyone to believe that these actions or events are merely coincidental and not intentional would be extremely difficult.

The defendants not only failed to disclose who controls or pulls the strings here, but the real string pullers have acted within this matter to circumvent the ethical adjudication of justice. The plaintiff feels compelled to point these issues out to this Court at this time, in a supporting matter to his motion for default and his objection to the defendants motion to open. The defendants and what can be inferred by their counsel's direct actions will stop at nothing to succeed. The acts by the defendants also clearly show that they have no intent of conducting what is legitimate discovery, to support there defense but to unjustly attack, harass and cost this plaintiff additional expenses. These defendants and the AMTA don't want to fairly deal with this matter, they want to use every dirty trick and unethical means they can come up with in an attempt to destroy the plaintiff. These acts by the defendants and counsel indicate that pleading that they did not receive a copy of the default cannot be relied upon as an argument to open the default. As we draw closed to trial in several months, using any tactic to stall even unethical ones should not be rewarded. This plaintiff asks this Court to consider the time and effort the defendants have employed to go outside the system to attack this plaintiff instead of addressing the actual complaint of the plaintiff.

Although this plaintiff is a pro se litigant, he has conscientiously read and tried to respectfully comply for the most part with the rules of this Court and Judge Dorsey

in an attempt to fairly settle this matter. He expected the defendants to do the same, however they have not. In fact, they have intentionally gone outside the rules.

Because the defendants are in fact part of or have a parent corporation and have failed to disclose that fact according to the rules, they should be defaulted on that issue, their motion to open should be denied, with prejudice.

BY
JIM LATTANZIO, pro se

Galen Institute, LLC
1025 Silas Deane Highway
Wethersfield, CT 06109
(860) 721-1904

## CERTIFICATION OF SERVICE

This is to certify that on December 12, 2003, certification to this objection was sent to the District Court and that a copy of the above OBJECTION was hand delivered to the following:

TO: Counsel for all defendants

Greg Curtin
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067

And

Thomas A Amato for Galen Institute
357 East center St
Manchester CT 06040

BY
JIM LATTANZIO, pro se

Jim Lattanzio,

7

A.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JIM LATTANZIO, ET AL           )
                                )
                                )
PLAINTIFFS                      )   CASE NO. 3:02CV1232 (PCD)
                                )
                                )   AFFIDAVIT OF
          vs.                   )   MARJORIE HICKEY
                                )
COMMISSION ON MASSAGE THERAPY   )
ACCREDITATION (COMTA), ET AL    )
DEFENDANTS                      )   DECEMBER 12, 2003

I, MARJORIE HOCKEY, being duly sworn, do hereby depose and say of my own personal knowledge that:

1. I am over eighteen (18) and I understand and appreciate the obligations of an oath within an affidavit.
2. I work at Galen Institute located at 1025 Silas Dane Hwy, Wethersfield CT, 06109 and for James Lattanzio.
3. I have knowledge of the mailing of a legal notice that is in question.
4. That on the 28th of September, 2003, I did type up, have Mr. James Lattanzio sign, then made copies of a document titled "motion for default."
5. That I did place it in the mail, with first class postage, addressed to the law firm of:

    Greg Curtin
    Genovese, Vehslage & Chapman
    500 Enterprise Drive
    Rocky Hill, CT 06067

6. I hereby state under oath that the above is accurate and true.

                                    _Marjorie Hickey_____
                                    Marjorie Hickey

STATE OF CONNECTICUT)
                            ss Hartford
COUNTY OF HARTFORD)

Sworn and subscribed before me this _12_ day of December, 2003.

                _____
                Notary Public    EXPIRI 9/30/09

FROM : COMMTA                    FAX NO. :9133939437              Sep. 17 2003 02:01PM  P2
Case 3:02-cv-01232-PCD    Document 41-2    Filed 02/20/2004    Page 7 of 12

Judrhal Admission

B
19
0 of 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS FOLKERS, d/b/a COUNCIL )
OVERSEEING MEDICAL & MASSAGE )
THERAPY ACCREDITATION, )
)
Plaintiff, )
)
vs )  Case Nº 03-2399-KHV
)
AMERICAN MASSAGE THERAPY )
ASSOCIATION, INC.; AMERICAN MASSAGE )
THERAPY ASSOCIATION, INC. d/b/a )
COMMISSION ON MASSAGE THERAPY )
ACCREDITATION; and CAROLE OSTENDORF )
)
Defendants. )

### DEFENDANTS' MOTION TO DISMISS

COMES NOW, defendants American Massage Therapy Association, Inc., American Massage Therapy Association, Inc., d/b/a Commission on Massage Therapy Accreditation and Carole Ostendorf by and through their attorneys of record, and move this Court for an Order Dismissing plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action upon which relief can be granted.

In support of this motion, defendants submit herewith their Memorandum in Support of Motion to Dismiss.

FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
(913) 339-6757 / (913) 339-6187 (FAX)

By: /S/ Michelle R. Stewart

David P. Madden, dmadden@fisherpatterson.com #12740
Michelle R. Stewart mstewart@fisherpatterson.com #19260
Daniel C. Estes, destes@fisherpatterson.com #
ATTORNEYS FOR DEFENDANTS
AMERICAN MASSAGE THERAPY ASSOCIATION, INC., AMERICAN MASSAGE THERAPY ASSOCIATION, INC., D/B/A COMMISSION ON MASSAGE THERAPY ACCREDITATION AND CAROLE OSTENDORF

Filed SEPT 26

C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN MASSAGE THERAPY ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| CHRIS FOLKERS, d/b/a COUNCIL OVERSEEING MEDICAL & MASSAGE THERAPY ACCREDITATION and JAMES LATTANZIO, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff American Massage Therapy Association ("AMTA") complains against defendants Chris Folkers ("Folkers") d/b/a Council Overseeing Medical & Massage Accreditation ("COMMTA") and James Lattanzio ("Lattanzio") as follows:

## INTRODUCTION

1. The plaintiff AMTA established the Commission on Massage Therapy Accreditation, also known as COMTA, as an independent accrediting body to provide accreditation of massage therapy schools and educational programs. AMTA owns the certification marks COMTA and COMMISSION ON MASSAGE THERAPY ACCREDITATION, which are used by authorized, accredited massage therapy schools and educational programs to indicate to the public that they have achieved COMTA accreditation.

2. With full knowledge of AMTA's COMTA and COMMISSION ON MASSAGE THERAPY ACCREDITATION certification marks, the defendants have adopted the certification marks COMMTA and COMMISSION OVERSEEING MEDICAL & MASSAGE

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

Served at THe Office of/ Genovese Vehslage Chapman NOV 6TH

ALIAS    SUMMONS IN A CIVIL CASE



AMERICAN MASSAGE THERAPY ASSOCIATION

V.

CHRIS FOLKERS, et al.

CASE NUMBER: 03 C 6820

ASSIGNED JUDGE: Judge Bucklo

DESIGNATED MAGISTRATE JUDGE: Magistrate Judge Levin

TO: (Name and address of Defendant)



James Lattanzio
1015 Silas Deane Hwy
2nd Floor
Wethersfield, CT 06109

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas P. White
SCHIFF HARDIN & WAITE
6600 Sears Tower
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

NOV - 5 2003
DATE



# CONNECTICUT DEPARTMENT OF PUBLIC HEALTH

IN RE: DECLARATORY RULING : 
ON THE LICENSURE OF  : NOVEMBER 26, 2003
MASSAGE THERAPISTS  :

### REQUEST FOR DECLARATORY RULING AND SUPPORTING MEMORANDUM OF LAW

**I. Introduction**

*[handwritten margin note: Derick is school Director of Connecticut Center for Massage Therapy]*

Linda Derick, a licensed massage therapist[1] and interested person, concerned for the value of her professional license and the reputation and integrity of her profession, as well as her own professional well-being and livelihood, hereby requests that the Department of Public Health issue a declaratory ruling, pursuant to Conn. Gen. Stat. § 4-176 and Department of Public Health Regulations §19a-9-12, regarding the applicability of Connecticut General Statutes § 20-206b in response to the following question:

May a graduate of a school of massage therapy that has received a Certificate of Authorization pursuant to Conn. Gen. Stat. § 20-206b(c), but which has not otherwise been accredited pursuant to § 20-206b(a)(1)(A), (B), or (C), and who graduates more than thirty-three months after the school first offered the curriculum completed by that graduate, apply for licensure as a massage therapist in the State of Connecticut?

*[handwritten margin note: Puts Galen out of Business]*

**II. Argument**

**A. Legislative History**

A major step in the effort of massage therapists to distinguish themselves as professionals and to establish their professional integrity was the passage by the Connecticut Legislature of House Bill 5001 in 1988. This Act established a certifying procedure for a number of professions in Connecticut, among them massage therapy. Although there was no substantive debate on either the House or Senate floor concerning massage therapists, the testimony about massage therapy before the Joint Standing Committee on Public Health reveals an overriding concern for establishing the professional integrity and respect of massage therapy and its practitioners.[2] Although House Bill 5001, as passed, authorized a certification procedure for massage therapy, the

---

[1] See Conn. Gen. Stat. §§ 20-206a *et seq.*
[2] See Testimony of Shirley Cooper before the Joint Standing Committee on Public Health, February 25, 1988, pp. 57-58 ("I think it is time that we are recognized for who we are as professionals. And that is why we are coming before you for certification."); Testimony of Steve Kitts before the Joint Standing Committee on Public Health, February 25, 1988, pp. 58-60 ("Massage therapy is practiced by educated and trained practitioners as a health profession ... We would like to see Connecticut recognize these current trends, as have other states, and acknowledge massage therapy as an emerging health profession.")

A copy of the foregoing was mailed to:

Janice Legnani, President
CT Chapter-American Massage Therapy Association
10 Burr Court
Southington, CT  06489

Carole Ostendorf, Ph.D.
Commission on Massage Therapy Accreditation
1007 Church St., Suite 302
Evanston, IL 60201-5912

Elizabeth Lucas, Executive Director
American Massage Therapy Association
820 Davis St., Suite 100
Evanston, IL  60201

Les Sweeney, Executive Vice President
Associated Bodywork and Massage Professionals
28677 Buffalo Park Rd.
Evergreen, CO  80439-7347

Valerie Lewis, Commissioner
State of Connecticut
Department of Higher Education
61 Woodland St.
Hartford, CT  06105-2326

Jonas Zdanys, Ph.D.
Associate Commissioner, Academic Affairs
State of Connecticut
Department of Higher Education
61 Woodland St.
Hartford, CT  06105-2326

Stephen Kitts
Connecticut Center for Massage Therapy
75 Kitts Lane
Newington, CT

Teamwork, LLC
11 Center Street
Norwich, CT  06360

Galen Institute & Clinic
1025 Silas Deane Highway
Wethersfield, CT 06109

Galen Institute Stamford
1200 Summer Street
Stamford, CT 06905

Galen Institute
260 S. Frontage Rd, Suite 205
New London, CT 06302

Fox Institute of Business
99 South Street
West Hartford, CT 06110

7