UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALEN INSTITUTE, LLC and<br>    JIM LATTANZIO,<br>        Plaintiffs, | :<br>:<br>:<br>: |
| v. | : Civ. No. 3:02cv1232 (PCD) |
| | : |
| COMTA, Commission on Massage Therapy<br>    Accreditation, and CAROLE<br>    OSTENDORF, Individually and as<br>    Executive Director of COMTA,<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>: |

**RULING ON PENDING MOTIONS AND ORDER**

Defendants move (1) to set aside default and (2) to vacate the Order on motion for default judgment. For the reasons stated herein, Defendants' motions are **granted**.

**I.    Background**

Plaintiffs filed their complaint on July 18, 2002 [Doc. No. 1], alleging negligence (Count One), fraud in the inducement (Count Two), breach of contract (Count Three), fraudulent misrepresentation (Count Four), tortious interference with business expectancy (Count Five), trover (Count Six), and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count Seven). They seek (1) compensatory damages in the amount of $1,350,000, (2) punitive damages pursuant to CUTPA, (3) costs, and (4) a Court Order regarding the return of materials submitted by Galen to COMTA.

Defendants responded to the complaint on October 18, 2002 [Doc. No. 9] and filed an amended answer on November 27, 2002 [Doc. No. 13]. On February 27, 2003, the Court adopted the parties 26(f) report, which set the discovery deadline as June 30,

2003 [Doc. No. 18]. Defendants' motion to extend discovery until September 19, 2003 was granted [Doc. No. 19].

On September 30, 2003, Plaintiffs filed a motion for default for failure to make corporate disclosure [Doc. No. 23]. On October 23, 2003, Plaintiffs' motion was granted absent opposition and absent apparent compliance by Defendants. [Doc. No. 26]. On November 3, 2003, Defendants moved to open default [Doc. No. 27], and their motion was denied for failure to comply with the Court's Supplemental Order [Doc. No. 29]. On November 24, 2003, Plaintiffs filed a motion for default judgment [Doc. No. 30], which was granted absent opposition on January 28, 2004 [Doc. No. 34]. The Court scheduled a hearing in damages for February 9, 2004 [Doc. No. 34].

On February 6, 2004, a Scheduling Order was issued, in which the hearing was put off pending resolution of Defendants' motion to open the default (not yet filed), and in which deadlines for filing the motion to open default were set [Doc. No. 35]. The Order noted that "[t]he confusion which reigns in this case is the result of a multiplicity of deficiencies on both sides" [Doc. No. 35]. Throughout this action, all parties have failed to comply with the Supplemental Order [Doc. No. 3]. On November 22, 2002, Plaintiffs' motion to strike Defendants' affirmative defenses [Doc. No. 10], motion for taxation of costs [Doc. No. 11], and motion for return of property and delivery and possession of same [Doc. No. 12] were denied for failure to comply with the Supplemental Order. On November 14, 2003, Defendants' motion to open default [Doc. No. 27] was denied for noncompliance with the Supplemental Order [Doc. No. 29]. While Defendants filed a certificate of service on November 24, 2003, in which they certified that they had served a

motion to open default on Plaintiffs [Doc. No. 31], they did not file the motion to open default in court until February 20, 2004 [Doc. No. 38], hardly reflective of any urgency. On February 10, 2004, Defendants filed a motion to vacate judgment and set aside default [Doc. No. 36].

Now pending are Defendants' motion to vacate judgment and set aside default [Doc. No. 36] and to open default [Doc. No. 38].

**II.     Standard**

Under FED. R. CIV. P. 55(c), an entry of default may be set aside "for good cause shown." Trial courts have discretion in deciding whether or not to set aside an entry of default. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 1763 (1992); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). Where a default judgment has been entered, it may also be set aside in accordance with Rule 60(b). FED. RULE CIV. P. 60 provides for relief based on "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), or for "any other reason justifying relief from the operation of judgment," FED. R. CIV. P. 60(b)(6). In applying the "good cause" inquiry in the context of Rules 55(c) and 60(b), courts examine (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In deciding whether or not to set aside  default, courts must weigh the competing principles of "maintain[ing] a balance between clearing its calendar and affording litigants a reasonable chance to be heard." *Id.* "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of

procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. at 97 (*citing Sony Corp. v. Elm State Elecs., Inc*., 800 F.2d 317, 320 (2d Cir. 1986).

**III.   Discussion**

   **A.   Defendants' Motion to Vacate Judgment and Set Aside Default [Doc. No. 36]**

Defendants move to set aside the default entered on October 23, 2003 and vacate the January 28, 2004 judgment.

Defendants cite no legal authority to support their motion; nor do they even recite the legal standard to which they must adhere.  Plaintiffs object to Defendants' motion, noting that "the defendants, although clearly aware of the existence of the order of default, performed no other activity until February 6, 2004, three days prior to the scheduled hearing in damages."  Pl. Opp. At 3 [Doc. No. 37].

Defendants argue that they did not respond to Plaintiffs' motion for default for failure to make disclosure statement, [Doc. No. 23], because Plaintiffs did not serve them with a copy of the motion, and that they were not aware of the motion until they received the Court's order granting Plaintiffs' motion absent opposition [Doc. No. 26].  Def. Mot. at ¶4 [Doc. No. 36].  Plaintiffs' motion for default [Doc. No. 23] includes a certification of service, certifying that Defendants' counsel was mailed a copy of the motion for default.  In addition, Plaintiffs submit an affidavit from Marjorie Hickey, an employee of Plaintiffs, in which she represents that she mailed the motion for default on September 28, 2003.  Def. Opp. at Exh. A [Doc. No. 41].  It is unlikely that Defendants did not receive notice of Plaintiffs' motion for default.

Defendants further allege that upon receiving the Court's order granting Plaintiffs' motion for default, they filed a motion to open default, which was denied for failure to comply with the Supplemental Order. The parties are responsible to know what is in the file, including the Supplemental Order. Moreover, by virtue of the fact that several of Plaintiffs' motions had been denied for failure to comply with the Supplemental Order, Defendants were clearly on notice that failure to comply would result in denial of their motions. Defendants allege that they renewed their motion to open default on November 21, 2003, and filed a certificate of service pursuant to the Supplemental Order. They note that on or about December 12, 2003, *pro se* Plaintiff Lattanzio served on them his objection to their motion to open default, but the motion was not filed until February 20, 2004 [Doc. No. 38].

Apparently, although they had not filed their actual motion with the Court, Defendants' incredulously allege that they believed that their motion was somehow pending before the Court. They claim that they did not learn until February 6, 2004, that the Supplemental Order has two pages, alleging that they only received the first page, a doubtful claim since the form of the order sent to counsel by the clerk is printed on two sides of one page. Further, it is clear from reading page one of the Supplemental Order that there is more than one page. It is not reasonable for Defendants to apparently allege that they believed that they fulfilled their filing responsibility by merely filing a certificate of service with the Court and serving their motion on opposing counsel. Defendants, the moving parties, have a responsibility to make sure that their motions are filed in compliance with Court procedures, and should not shift their burden by trying to blame

the *pro se* Plaintiff Lattanzio for their own deficiencies. At the very least, Defendants had a responsibility to consult with Plaintiffs regarding the status of the motion, if they believed for some reason that Plaintiffs were responsible for filing their motion.

Notwithstanding the fact that Plaintiff Lattanzio included a certificate of service in his motion for default judgment [Doc. No. 30], Defendants claim once again that they did not receive notice of this motion until they received the Order granting Plaintiff's motion absent opposition [Doc. No. 34]. Moreover, had Defendants checked the docket to fulfill their responsibility in filing their motion to open default, they would have noticed that Plaintiffs had filed a motion for default judgment. Their claim that they did not have notice is of dubious merit. Their continuous delinquency and failure to monitor their case questionably constitutes "excusable neglect" under FED. R. CIV. P. 60(b)(1), or "good cause" pursuant to FED. R. CIV. P. 55(c).

### B. Defendants' Motion to Open Default [Doc. No. 38]

Defendants move to open default, reciting many of the same facts noted in the section above, and again without citing any legal authority or standard of review. They argue that they have a meritorious defense because they "did not need to execute the Disclosure Statement [because] . . . AMTA is not COMTA's parent corporation." Def. Mot. to Open Def. at 2 [Doc. No. 38]. Plaintiff Lattanzio responds that he "discovered that COMTA is in fact a d/b/a of [AMTA] . . . through a judicial admission made by the AMTA to a Federal Court in Kansas on September 10, 2003." Pl. Opp. at 2 [Doc. No. 40]. Lattanzio further argues that Defendant had "full knowledge" of AMTA's corporate structure, alleging that when Defendants learned of his intention to join AMTA as a party

in the suit, Defendants' attorneys notified AMTA's corporate counsel, who filed suit against Lattanzio in federal court in the northern district of Illinois, alleging trade infringement. Pl. Opp. at 3 [Doc. No. 40].

### C. Resolution

The foregoing recitation reflects neglect on both sides in moving this matter reasonably. There is a remote possibility that Defendants were not furnished a complete copy of the Supplemental Order (even though, had they read the first page, they would be on notice that they received an incomplete copy). Default judgment imposes such a harsh penalty on Defendants, who likely were not aware of their attorneys' delinquencies, and deprives them of their opportunity to contest Plaintiffs' allegations. In deciding whether or not to set aside an entry of default, courts must weigh the competing principles of "maintain[ing] a balance between clearing its calendar and affording litigants a reasonable chance to be heard." *Enron Oil Corp.*, 10 F.3d at 96. "[A] court must not let its zeal for a tidy calendar overcome its duty to do justice." *Winston v. Prudential Lines, Inc.*, 415 F.2d 619, 621 (2d Cir. 1969) (*quoting Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). Although the Court certainly does not condone the processing deficiencies of counsel, in the interests of justice the Court will allow Defendants a reasonable chance to be heard on the merits. Although Plaintiffs have suffered some delay, they have not demonstrated any resulting prejudice from Defendants' counsel's actions.

To permit the merits to be heard, Defendants' Motions to Vacate Judgment and Set Aside Default [Doc. No. 36] and to Open Default [Doc. No. 38] are **granted**.

However, as the greater fault lies with Defendants' counsel, the motions granted will be subject to consideration of sanctions on Defendants' counsel for the time and expense incurred by Plaintiffs in dealing with the procedures necessitated by Defendants' procedural delinquencies as to which the parties will be heard, on an Order to Show Cause why such sanctions should be imposed, and in what amount, on March 4, 2004, at 9:30 a.m. in Courtroom One at 141 Church Street, New Haven, Connecticut.

**IV.    Conclusion**

Defendants' Motion to Vacate Judgment and Set Aside Default [Doc. No. 36] is **granted**. Defendants' Motion to Open Default [Doc. No. 38] is **granted**. The parties are **ORDERED** to appear in Court at 9:30 a.m. on March 4, 2004, regarding the consideration of imposing sanctions on Defendants' counsel as discussed herein.

SO ORDERED.

Dated at New Haven, Connecticut, February 25, 2004.

/s/
Peter C. Dorsey
Senior United States District Judge