**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GALEN INSTITUTE, LLC, and JIM             :
LATTANZIO                                  :        CASE NUMBER:
           Plaintiff                :        3:02CV1232-PCD
                                   :
vs.                                        :
                                   :
COMTA, Commission on Massage Therapy       :        April 7, 2004
Accreditation and CAROLE OSTENDORF,
Individually and as Executive Director of
COMTA
           Defendant.

## DEFENDANTS' MOTION FOR PRECLUSION OF
## EXPERT WITNESS AND DOCUMENTARY EVIDENCE

Now come the defendants in the above captioned matter and hereby move to exclude testimony by Chris Folkers and evidence of damages and in support thereof, state as follows:

1.      This action was commenced by way of a seven count complaint in which the plaintiffs allege various aspects of wrongful conduct on the part of the defendants, which occurred during the plaintiffs' attempt at accreditation by the defendants' accrediting organization.

2.      This matter is currently scheduled to be "ready for trial" on April 12, 2004.

3.      On March 4th the Court handed down a "Trial Preparation Order" indicating that the first aspect of the order, "Section A", was to be completed by the plaintiffs and sent to the defendants by March 19, 2004.  The plaintiffs in fact completed the initial portion of the "Trial Preparation Order" and the defendants received this part of the plaintiffs' "Trial Preparation Order" on March 19, 2004.

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

4.      It was in the body of the plaintiffs' "Trial Preparation Order" received on March

19, 2004, that the plaintiffs first made known their intention to call an expert witness in this case.

Within the "Trial Preparation Order" the plaintiffs indicated that a Chris Folkers "will give

opinion as to the monetary losses, costs as well as the irreparable harm and damages that the

plaintiff has suffered as well as testify to the damage analysis that was conducted.  This opinion

and testimony will be based in part on industry standards, national averages, usual growths and

patterns and the affect of "not" having access to the Federal Financial Aid System as well as

long-term effects on the plaintiffs business."

5.      The plaintiff has also listed records in Section A of the "Trail Preparation Order",

which have not been disclosed to the defendant's, contrary to F.R.C.P. Rule 26(a) and 26(e).

6.      As set forth in the accompanying Memorandum of Law, it is the defendants'

position that pursuant to F.R.C.P. 26(a)(2), as well as rule 37(b) & (c) the plaintiff should be

precluded from disclosing any expert witnesses at this time and from offering documentary

evidence which has not been produced as of the submission of the motion.

WHEREFORE, the defendants pray this Honorable Court preclude testimony from Chris

Folkers as an expert in the upcoming trial, as well as, documentary evidence which has not been

produced as of the submission of the motion.  Alternatively, should the Court be disinclined to

preclude expert testimony from Chris Folkers and/or the documentary evidence referred to, the

defendants pray this Honorable Court allow them a period of 60 days following the disclosure of

all materials, which Chris Folkers relied on, the disclosure of Mr. Folkers' F.R.C.P. 26(a)(2)

report, and any other undisclosed evidence to be produced at trial, in order for the defendants to

have sufficient time to depose Mr. Folkers and to allow them to obtain an opinion from an expert

of their own choosing.

DEFENDANTS
COMTA, ET AL.,

By:

Federal Bar #~~005~~ 18006
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT  06067
(860)513-3760