FILED
2004 APR 16  P 4:45
DISTRICT C...
NEW HAVEN, C...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GALEN INSTITUTE, LLC ET AL | : | DOCKET NO. 3:02CV1232-PCD |
| v. | : | |
| COMTA ET AL. | : | APRIL 9, 2004 |

PROTECTIVE ORDER

Whereas Federal Rule of Civil procedure 26(c) provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances.

Now, therefore, it is hereby ORDERED that:

1. This Order applies to all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by the plaintiffs or defendants pursuant to the requirements of any court order, the requirements of self-executing discovery, answers to interrogatories, documents produced pursuant to requests for production, documents subpoenaed and transcripts of depositions which will be supplied by any party in this case (hereinafter "Discovery Material").

2. (a) Discovery Material shall be used only for the purposes of and in connection with the prosecution and defense of a civil action entitled Galen Institute, LLC et al. v. COMTA et al. pending in the United States District Court for the District of Connecticut and bearing docket number 3:02CV1232-PCD (hereinafter the "Litigation") and any appeals of the Litigation and for no other purposes. Discovery Material will not be disclosed or disseminated to any other persons or entities except in accordance with this Order.

(b) Prior to providing access to any person set forth in section 7 to Discovery Material designated as confidential pursuant to section 3 of this Order, counsel for the party intending to disclose such confidential Discovery Material shall furnish a copy of this Order to such person. Any such person shall execute an agreement to maintain confidentiality in the form annexed hereto as Exhibit A, and provide a copy thereof to the party designating the Discovery Material as confidential.

3. Parties producing Discovery Material may designate as confidential Discovery Material containing trade secrets or

other confidential commercial information within the scope of F.R.C.P. 26(c)(7) (hereinafter "Confidential Discovery Material"), which information shall include, but not be limited to, the producing party's personnel records and information and financial information.

4. Confidential Discovery Material, if a writing, shall bear the following, or similar, designation stamped or printed clearly, thereon:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Confidentiality designations of deposition testimony shall be made within thirty days after the transcript has been received by counsel for the deponent, and shall specify the testimony by page and line number(s). Until the expiration of such thirty day period, the entire text of the transcript shall be treated as confidential under this Order. If such counsel fails to make such designation within said period, no portion of the transcript shall be treated as confidential.

5. In the event that any question is asked at a deposition, which question a party asserts solicits confidential

information, such question shall be answered by the deponent fully.  The party asserting the confidentiality of such solicited evidence shall, either at the deposition or within thirty days after receipt of the transcript thereof, notify all parties on the record or in writing that such solicited evidence is confidential.

    6.   Confidential Discovery Material shall be used solely for the purposes of the Litigation and for no other purpose without prior written consent of the producing party or order of the Court.  All persons who have received or have been provided access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violation thereof.

    7.   Confidential Discovery Material shall not be disclosed to any person or entity other then the following:

    (a) The court and all court personnel;

    (b) With respect to Confidential Discovery Material produced by plaintiffs: the named defendants in the Litigation

and the representatives thereof, including staff employed or retained by such representatives to assist in defending the Litigation;

(c) With respect to Confidential Discovery Material produced by defendants: the named plaintiffs in the Litigation and the representatives thereof, including staff employed or retained by such persons to assist in prosecuting the Litigation;

(d) Retained experts, advisors and consultants (including persons directly employed by same), but only to the extent necessary to perform their work in connection with the Litigation.

8. (a) If at any time a party objects to a designation of Discovery Material as confidential, such party shall notify in writing the designating party of such objection, specifying in such written objection the Discovery Material and the nature of the objection. If the parties are unable to resolve such objection, the objecting party may move for a determination as

to whether the designated Discovery Material may properly be considered as confidential.

(b) All Discovery Material designated as confidential under the Order, whether or not such designation is the subject of an objection pursuant to section 8(a) supra, shall retain such designation unless and until: (i) the producing party agrees in writing that the Discovery Material is no longer confidential; or (ii) the Court enters an order that such Discovery Material shall not be entitled to confidential status.

9. The terms of this Order shall survive after the termination of the Litigation. The parties shall exert such efforts as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the termination of the Litigation.

10. Within thirty days after termination of the Litigation, including all appeals, the parties shall return to counsel for the producing party all Confidential Discovery Material, and all copies thereof, produced by that party.

11. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production.  If prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.  However, in no event shall the original

of such materials be destroyed unless and until agreed to in writing by the parties, or upon Order of the Court.

BY THE COURT

_____
Judge

Dated: _April 16, 2004_

<u>EXHIBIT A</u>

GALEN INSTITUTE, LLC ET AL.    :    DOCKET NO. 3:02CV1232-PCD

v.                              :

COMTA ET AL.                    :    APRIL 9, 2004

<u>AGREEMENT TO MAINTAIN CONFIDENTIALITY</u>

The undersigned agrees:

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Stipulated Protective Order dated _____, 2004 (the "Protective Order"), in the above-entitled litigation; that I have been provided a copy of and have read and understand same, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to any other persons or entities, except in accordance with said Protective Order, any Confidential Discovery Material, as defined therein, or any information contained in such Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

    I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Connecticut for the purposes of any proceedings relating to enforcement of the Protective Order.

    I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

Date: _____

By: _____

PRINT NAME: _____

Subscribed and sworn to before me this

_____day of _____, 2004.


_____

Commissioner of the Superior Court
Notary Public
My Commission Expires: