UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GALEN INSTITUTE, LLC ET AL.    :    DOCKET NO. 3:02CV1232(PCD)

v.                            :

COMTA ET AL.                  :    APRIL 16, 2004

MEMORANDUM OF LAW
IN OPPOSITION TO
MOTIONS FOR PRECLUSION OF
EXPERT WITNESS AND DOCUMENTARY
EVIDENCE AND OF DAMAGES EVIDENCE

I.    FACTS

The court entered a default against the defendants COMTA

and Carole Ostendorf on October 23, 2003 for their failure to

disclose their corporate affiliations.  The defendants moved to

open said default by motion dated November 21, 2003.  Although

the defendants served a copy of said motion, it appears as

though they never actually filed it following the expiration of

the twenty-one day period pursuant to supplemental order number

5.  The plaintiff James J. Lattanzio, Jr. duly objected to said

motion by written objection dated and served on the defendants

December 12, 2003.

On January 28, 2004 the court entered a judgment upon the aforesaid default.

The court set aside said default and opened the judgment on February 25, 2004.  Thereafter, on March 4, 2004, the court issued a trial preparation order, disclosing a trial-ready date of April 12, 2004.

Thus, the defendants were in a state of default from October 23, 2003 to February 25, 2004.

The plaintiffs, in complying with section A of said trial preparation order, disclosed to the defendants their anticipated reliance upon the expert testimony and documentary evidence of Chris Folkers, a theretofore undisclosed expert witness.

The defendants now move, by their motions dated April 7, 2004, to preclude the plaintiffs from (1) utilizing Folkers as an expert witness; (2) offering any documentary evidence supporting the plaintiffs' claim of damages; and (3) offering "any evidence of damages."  The defendants appear to premise their requests on what they perceive has been the plaintiffs'

noncompliance with various earlier discovery requests and orders.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) governs the mandatory disclosure of expert testimony, and requires each party to disclose to other parties the identity of all expert witnesses whom such party anticipates calling at the trial. Subparagraph (c) of paragraph (2) of Rule 26(a) requires such disclosures to be made "at least 90 days before the trial date or the date the case is to be ready for trial…" Since the court set April 12, 2004 as the date by when the subject action must be ready for trial, the plaintiff Galen Institute, LLC construes such date as the disclosure deadline contemplated by Rule 26(a)(2)(c).

In order to comply with F.R.C.P. 26(a)(2)(C), the plaintiffs would have been required to disclose Folkers and the documentary damages records on or about January 12, 2004. However, as of January 12, 2004 the defendants were in a state of default pursuant to F.R.C.P. 55, and were precluded from

further defending the issues of liability.  It would have been futile to serve upon such defaulted parties such disclosure. Furthermore, as of January 12, 2004, there had been set no trial date or date the case was to have been ready for trial.  Thus, the plaintiffs could not have known at such time to make such disclosures.

The defendants place much reliance in their memorandum on the application of F.R.C.P. 37(c), which prohibits a party that, without substantial justification, fails to make the disclosures mandated by F.R.C.P. 26(a) from using such undisclosed witness at trial, unless such failure is harmless.  Courts have generally analyzed four factors in assessing claims for exclusion under F.R.C.P. 37: (1) the prejudice or surprise of the party against whom the excluded witness would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which the waiver of the rule would disrupt the orderly and efficient conduct of the trial; and (4) the bad faith or willfulness in failing to comply with the order.  In Re: TMI Litigation, 193 F.3d 613 (3rd Cir. 1999).

4

The plaintiffs contend that the third and fourth elements of the foregoing analytical framework are inapposite in the present action.  There is no scheduled trial, the efficient conduct of which would be disrupted by a waiver.  Furthermore, the plaintiffs cannot be determined to have exercised bad faith or willfulness when they were under no requirement, as a result of the defendants having been defaulted, to make these disclosures mandated by F.R.C.P. 26(a)(2).

The defendants further allege that the plaintiffs violated chapter V of the Federal Rules of Civil Procedure by having failed to comply with earlier orders of the court, including an order adopting and extending deadlines set forth in the parties' joint F.R.C.P. 26 report, pertaining to discovery deadlines. Such earlier interlocutory orders merged with the final judgment of January 28, 2004, and are presently no longer enforceable. Gary Plastic Packaging Corp. v. Merril Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176 (2d Cir. 1990); John's Insulation, Inc. v. L. Addison and Assoc., Inc., 156 F.3d 101 (1st Cir. 1998).  See also Nita v. Department of Environmental Protection,

16 F.3d 482 (2nd Cir. 1994)["[t]he court also struck these
defendants' motions to dismiss the claims asserted against them
in their individual capacities, without prejudice, because the
motions had been filed while those defendants were technically
in default and were not properly before the court."]

Hence, in the present action, once the prior interlocutory
discovery orders had merged into the January 28, 2004 judgment,
there were no discovery orders pursuant to which the defendants
could enforce compliance, assuming the plaintiffs actually
failed to comply therewith.  The opening of the judgment on
February 25, 2004 should not have the effect of automatically
reviving such interlocutory discovery orders, because the
plaintiffs should have been entitled to rely on the finality of
the January 28, 2004 judgment.  That is, once the judgment
entered, the plaintiffs conceivably were relieved of any further
compliance with those earlier discovery orders.  If the
defendants could not have enforced those orders after January
28, 2004, they cannot enforce them now.

6

The plaintiffs object to the defendants' attempt to preclude the plaintiffs from offering any damages evidence whatsoever.  Even if the court precludes the plaintiffs from offering testimonial and documentary evidence through Folkers, the plaintiff James J. Lattanzio, Jr. still possesses the option of offering evidence, himself, of damages, pursuant to Federal Rule of Evidence 701, which permits lay opinions "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge…"  Furthermore, Lattanzio may offer evidence of damages without rendering an opinion, such as revenue and net profit data.  The plaintiffs submit that the defendants' attempt to preclude all evidence of damages, regardless of the source thereof, is overly broad, and should be denied.

The exclusion of evidence for violation of a discovery order is an extreme sanction.  Dudley v. South Jersey Metal, Inc., 555 F.2d 96 (3rd Cir. 1977).  The plaintiffs have engaged

7

in no course of conduct, such as the continual abuse of discovery proceedings or flagrant disregard of discovery orders, that would warrant such a remedy sought by the defendants.

The plaintiffs stand ready to disclose all of the required information set forth in F.R.C.P. 26(a)(2). Since the plaintiffs are concerned about the possible misappropriation of their damages and other information, Galen Institute, LLC filed a motion for protective order dated April 9, 2004, containing a stipulated form of protective order. The plaintiffs submit that they should then, upon the adjudication of such motion, serve upon the defendants the required expert witness disclosures. The plaintiff Galen Institute, LLC further submits that after such disclosure, the defendants should receive a reasonable time period within which to depose Folkers, and consult and, if deemed necessary, disclose their own expert witness, following which, the plaintiffs should be afforded a reasonable time period within which to depose that disclosed expert witness.

8

III.  <u>CONCLUSION</u>

For all of the foregoing reasons, the plaintiff Galen

Institute, LLC urges the court to deny both of the defendants'

April 7, 2004 motions, and enter orders substantially consistent

with the aforestated positions.

Galen Institute, LLC


By_____
      Thomas A. Amato
      357 East Center Street
      Manchester, CT 06040
      Telephone (860) 643-0318
      Federal bar number CT14221
      Its Attorney


This is to certify that a copy of the foregoing Memorandum of
Law was mailed on April 16, 2004 to all counsel and pro se
parties of record, particularly:

Royce L. Vehslage
500 Enterprise Drive
Rocky Hill, CT 06067

9

James J. Lattanzio, Jr.
1025 Silas Deane Highway
Wethersfield, CT 06109

_____
Thomas A. Amato

10