UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALEN INSTITUTE, LLC and<br>    JIM LATTANZIO,<br>        Plaintiffs, | :<br>:<br>:<br>: |
| v. | : Civ. No. 3:02cv1232 (PCD) |
| | : |
| COMTA, Commission on Massage Therapy<br>    Accreditation, and CAROLE<br>    OSTENDORF, Individually and as<br>    Executive Director of COMTA,<br>        Defendants. | :<br>:<br>:<br>:<br>: |

**RULING ON DEFENDANTS' MOTION TO PRECLUDE EXPERT WITNESS AND DOCUMENTARY EVIDENCE AND PLAINTIFFS' MOTION TO DISCLOSE EXPERT WITNESS**

Defendants move to preclude Plaintiffs' expert witness and documentary evidence, and Plaintiffs move to disclose an expert witness. For the reasons set forth herein, Defendants' motion is **denied** and Plaintiffs' motion is **granted**.

**I.   Background**[1]

This case has a rather tortured history. The February 25, 2004 Ruling on Pending Motions and Order [Doc. No. 42] noted that

> On September 30, 2003, Plaintiffs filed a motion for default for failure to make corporate disclosure [Doc. No. 23]. On October 23, 2003, Plaintiffs' motion was granted absent opposition and absent apparent compliance by Defendants. [Doc. No. 26]. On November 3, 2003, Defendants moved to open default [Doc. No. 27], and their motion was denied for failure to comply with the Court's Supplemental Order [Doc. No. 29]. On November 24, 2003, Plaintiffs filed a motion for default judgment [Doc. No. 30], which was granted absent opposition on January 28, 2004 [Doc. No. 34]. The Court scheduled a hearing in damages for February 9, 2004 [Doc. No. 34].

---

[1]   Familiarity with all previous Rulings and Orders in this case is presumed.

> On February 6, 2004, a Scheduling Order was issued, in which the hearing was put off pending resolution of Defendants' motion to open the default (not yet filed), and in which deadlines for filing the motion to open default were set [Doc. No. 35]. The Order noted that "[t]he confusion which reigns in this case is the result of a multiplicity of deficiencies on both sides" [Doc. No. 35]. Throughout this action, all parties have failed to comply with the Supplemental Order [Doc. No. 3]. On November 22, 2002, Plaintiffs' motion to strike Defendants' affirmative defenses [Doc. No. 10], motion for taxation of costs [Doc. No. 11], and motion for return of property and delivery and possession of same [Doc. No. 12] were denied for failure to comply with the Supplemental Order. On November 14, 2003, Defendants' motion to open default [Doc. No. 27] was denied for noncompliance with the Supplemental Order [Doc. No. 29]. While Defendants filed a certificate of service on November 24, 2003, in which they certified that they had served a motion to open default on Plaintiffs [Doc. No. 31], they did not file the motion to open default in court until February 20, 2004 [Doc. No. 38], hardly reflective of any urgency. On February 10, 2004, Defendants filed a motion to vacate judgment and set aside default [Doc. No. 36].

Much of the delay in this case is the result of Defendants' delinquencies. In granting Defendants' motions to vacate judgment and open default, concern was expressed for the rights of the actual Defendants, in contrast with their attorneys: "Default judgment imposes such a harsh penalty on Defendants, who likely were not aware of their attorneys' delinquencies, and deprives them of their opportunity to contest Plaintiffs' allegations."

Now, Defendants move to preclude Plaintiffs' expert witness and documentary evidence.

**II.     Standard**

Pursuant to the Federal Rules of Civil Procedure, a party must "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." FED. R. CIV. P. 26(a)(2)(A). This rule affords parties "reasonable opportunity to prepare for effective cross

examination and perhaps arrange for expert testimony from other witnesses." *Hyun v. South Kent Sch.*, Civ. No. 3:95CV2235(AHN), 1997 U.S. Dist. LEXIS 14622, at *3 (D. Conn. Sept. 17, 1997) (quotation omitted). Rule 26 instructs that "these disclosures shall be made at the times . . . directed by the court." FED. R. CIV. P. 26(a)(2)(c). Rule 37 provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial." FED. R. CIV. P. 37(c)(1).

**III.    Discussion**

Defendants move to preclude Plaintiffs' expert witness and documentary evidence on the basis that the belated disclosure prejudices them. Plaintiffs object, noting that from October 23, 2003 through February 25, 2004, Defendants were in a state of default, and consequently there was no reason for Plaintiffs to disclose any expert witness.

As noted, Defendants are responsible for much of the delay and confusion regarding this case. It is found that Plaintiffs' belated disclosure is "substantially justified" because of the default and default judgment entered against Defendants, and is "harmless" because no trial date is scheduled and there is no prejudice to Defendants, who have ample time to react and formulate their trial strategy. There is no unfair surprise to Defendants, who acknowledge that Plaintiffs' expert witness was noticed in Plaintiffs' March 19, 2004 Trial Preparation Order Section A and was discussed at the March 31, 2004 Settlement/Status Conference with PJO Lawrence Iannotti. Plaintiffs disclosed the expert witness less than one month after default was vacated. Under the

circumstances of this case, Defendants provide no basis to preclude Plaintiffs' expert witness or documentary evidence regarding damages.

Accordingly, Defendants' motion to preclude Plaintiffs' expert witness and documentary evidence is **denied**, and Plaintiffs' motion to disclose Chris Folkers as expert witness is **granted**.

Plaintiffs are hereby ORDERED, on or before May 26, 2004, to disclose their expert report, to comply with any outstanding discovery issues raised in Defendants' motion, and to produce any relevant exhibits regarding damages, as required under the FED. R. CIV. P. Given the procedural history of this case, Defendants' arguments that allowing Plaintiffs to disclose an expert witness and to produce evidence relating to damages would result in unfair surprise to Defendants is devoid of merit. Should Defendants wish to depose expert witness Folk, they shall do so on or before June 11, 2004. Should Defendants wish to disclose their own expert to contest any of Folk's testimony, they shall do so on or before June 23, 2004. If Defendants disclose such expert, Plaintiffs shall, if they desire, depose the expert on or before July 7, 2004.

Attorneys for both parties shall cooperate to facilitate resolution of this case.

**IV.   Conclusion**

For the reasons set forth herein, Defendants' motion to preclude Plaintiff's expert witness and documentary evidence [Doc. No. 49] is **denied**.  Plaintiffs' motion to disclose Chris Folker as an expert witness [Doc. No. 58] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, May  12 , 2004.

                                                                    /s/
                                                          Peter C. Dorsey
                                                     United States District Judge