UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 NOV 19  P 2:43
U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| JIM LATTANZIO, AT EL )<br>PLAINTIFFS )<br> )<br> )<br> )<br>vs. )<br> )<br>COMMISSION ON MASSAGE THERAPY )<br>ACCREDITATION (COMTA), ET AL )<br>DEFENDANTS ) | CASE NO. 3:02CV1232 (PCD)<br><br>MOTION FOR TEMPORARY<br>STAY OF A TRIAL DATE<br>UNTIL DECEMBER 31, 2004<br>WHILE PARTIES DISCUSS<br>IN GOOD FAITH, A<br>SETTLEMENT<br><br>NOVEMBER 15, 2004 |

Now comes the plaintiff Jim Lattanzio in the above-captioned matter and hereby moves this Honorable Court to grant a temporary stay in setting a **trial date** until December 31, or until such time as it is reported to this Court that the trial should be set and move forward. As reasons thereof this plaintiff represents the following:

1. The above captioned matter is ready for trial and all parties involved have been placed on the "24 hour" notice list;

2. On November 12, 2004 the parties agreed in a "formal agreement" to discuss settlement of the above pending matter, see attached agreement (Exhibit A);

3. Said agreement calls for "good faith," has a "forfeiture or penalty" clause and has an "early termination" clause available for all parties;

4. This plaintiff wishes to discuss, in good faith the settlement of this matter.

Therefore, this plaintiff respectfully asks this Court to temporarily stay the scheduling of this matter for trial to give the parties a limited timeframe to discuss settlement.

BY
JIM LATTANZIO, PRO SE

*Jim Lattanzio*

Jim Lattanzio, pro se
1025 Silas Deane Highway
Wethersfield, CT 06109
Ph: (860) 721-1904

## CERTIFICATION OF SERVICE

This is to certify that on November 15, 2004, via FAX and US mail, first class, postage paid, a copy of the above MOTION TO STAY was communicated and served on the following:

Counsel for plaintiff, Galen Institute
Thomas A Amato,
357 East Center Street
Manchester, CT 06040

Counsel for defense
Royce Vehslage
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067

Fax forward copy to:

Thomas White, Schiff Hardin / AMTA/COMTA

Bruce Burdick, Burdick Law / Lattanzio/ Folkers

BY
JIM LATTANZIO, PRO SE

*Jim Lattanzio*
Jim Lattanzio, pro se

2

## AGREEMENT

This Agreement is entered into, effective November 12, 2004, between the Commission on Massage Therapy Accreditation ("COMTA"), the American Massage Therapy Association ("AMTA"), James Lattanzio ("Lattanzio"), Galen Institute, LLC ("Galen"), National Organization for the Advancement of Massage, Schools and Educators ("NOAMSE"), Chris Folkers ("Folkers"), and the Council Overseeing Medical & Massage Accreditation (the "Council").

## RECITALS

A.   The following proceedings are pending among the parties to this Agreement: Case No. 02 CV 1232, brought by Lattanzio and Galen in the United States District Court for the District of Connecticut (the "Connecticut Action"); Case No. 03 CV 02399, brought by Folkers d/b/a the Council in the United States District Court for the District of Kansas (the "Kansas Action"); Case No. 03 CV 6820, brought by AMTA and COMTA in the United States District Court for the Northern District of Illinois (the "Illinois Action"); Opposition No. 91158590, brought by Lattanzio and/or Galen before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office; Opposition No. 91158590, brought by Folkers and/or the Council before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office; and a complaint or complaints recently filed by Lattanzio, Galen, and/or NOAMSE before the United States Department of Education, relating to the USDE's recognition of COMTA as an accrediting agency (the "USDE Complaint"). (The foregoing proceedings are referred to collectively below as the "Proceedings.")

B.   Various other actions and proceedings have been threatened by parties to this Agreement against other parties to this Agreement.

1

## PROVISIONS

1. The parties to this Agreement desire at this time to take no action in the Proceedings and instead wish to pursue confidential settlement discussions. While this Agreement is in effect, the parties will pursue settlement discussions in good faith, and will discuss whether the settlement discussions should take place through mediation or other means of alternative dispute resolution.

2. While this Agreement is in effect, no party to this Agreement will (except as provided in Paragraph 7) take any action in any of the Proceedings, including but not limited to filing any new motions, serving any new discovery, or requesting any rulings from the court or other body where the Proceedings are pending. Notwithstanding the foregoing, Lattanzio is not prohibited from appearing at the previously-scheduled December 10, 2004 USDE hearing.

3. While this Agreement is in effect, no party to this Agreement will initiate, solicit or induce any other person or entity to initiate, or assist any other person or entity in initiating, any new lawsuit or other proceeding against any other party to this Agreement.

4. If any party violates Paragraph 2 or 3, that party consents to the withdrawal and/or dismissal of the filing or other action made in violation of Paragraph 2 or 3.

5. This Agreement will terminate on December 31, 2004, except that it may be terminated earlier by any party through written notice of termination sent by any party, via facsimile, to the opposing parties' counsel. For purposes of such notice, counsel for COMTA and AMTA is Thomas White, Schiff Hardin LLP, fax no. 312.258.5700; and counsel for Lattanzio, Galen Institute, NOAMSE, Folkers, and the Council is Bruce Burdick, Burdick Law Firm, fax no. 618.462.7132  Any such early termination will be effective at the end of the fifth business day after the date of receipt of the written notice of termination, and this Agreement will remain in full effect until such time.

6.   This Agreement is not intended and will not be deemed to constitute an admission adverse to any party hereto of (i) liability to any person or entity, (ii) the commission of any act or wrong which was or could have been alleged in any action, or (iii) violation of any law or regulation. No party has waived, or has intended to waive, any of its rights with respect to any of the Proceedings or other actions, except as expressly provided in this Agreement.

7.   By no later than November 15, 2004 the plaintiffs/petitioners in the Connecticut Action, the Kansas Action, the Illinois Action, and the USDE Complaint each will notify the judge or agency before which the action is pending, via telephone, that the parties have agreed to enter into settlement discussions and intend to conduct such discussions through December 31, 2004. Opposing parties or their counsel will be entitled to participate in such telephone calls.

8.   While this Agreement is in effect, no party to this Agreement will make or allow to be made any public statement, whether through correspondence, press releases, interviews, articles, website postings, or otherwise, regarding the Proceedings, regarding other pending or threatened disputes between the parties, or regarding settlement discussions between the parties. Notwithstanding the foregoing, the parties may discuss an agreed-upon statement regarding their efforts to reach a settlement.

3

By: _____          Date: _11-12-04_

Title: _____

Date: _____
                                      _____
                                      CHRIS FOLKERS

                                      Date: _____

AMERICAN MASSAGE THERAPY              GALEN INSTITUTE LLC
ASSOCIATION

By:                                   By: _(signature)_