UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GALEN INSTITUTE, LLC ET AL. | : | NO. 3:02CV1232-(PCD) |
| v. | : | |
| COMTA ET AL. | : | JULY 13, 2005 |

REPLY MEMORANDUM

The plaintiff Galen Institute, LLC in the above-entitled action hereby submits the following memorandum in reply to the defendants' trial memorandum dated June 27, 2005. The plaintiff Galen Institute, LLC (hereinafter referred to as "Galen") renders the following brief commentary in reply to several matters raised in the defendants' memorandum.

1. The defendants submit in part I.A of their memorandum that Galen's sole purpose in seeking accreditation was to comply with the mandate of C.G.S. section 20-206b(a). The evidence demonstrated that the defendant COMTA became federally recognized in July, 2002. The plaintiff James J. Lattanzio, Jr. (hereinafter referred to as "Lattanzio") was aware, during the accreditation application process, that COMTA was, at such time, engaged in the process of seeking

federal recognition.  The instant action was filed in July, 2002. Thus, regardless of Lattanzio's intent, which the plaintiffs assert was optimistic that COMTA would achieve federal recognition, Galen still suffered damages because COMTA did in fact become federally recognized.  Had Galen been accredited it would have had access to federally guaranteed student financial aid, irrespective of the conjecture as to Lattanzio's purpose behind seeking accreditation from COMTA.

The defendants highlight the fact that Galen eventually sought and received accreditation from COMMTA, a non-federally recognized accrediting agency.  They posit that this fact confirms Lattanzio's insouciance toward the federally guaranteed funds qualification issue.  However, 34 CFR section 602.28(b)(2) precludes a federally recognized accrediting agency from granting initial accreditation to an institution if the agency knows that such institution is the subject of "[a] decision by a recognized agency to deny accreditation or pre-accreditation."  Although 34 CFR section 602.28(c) permits, in such a situation, the agency to grant accreditation to such previously denied institution, such agency must provide to the United

States Department of Education "a thorough and reasonable explanation... why the action of the other body does not preclude the agency's grant of accreditation or pre-accreditation." Subsection (c) therefore places the burden of persuasion on the subsequent accrediting agency, and operates as an exception to the general rule that once a school is denied accreditation by a federally recognized accrediting agency, no other such agency can bestow subsequently accreditation. This regulatory prohibition explains and justifies Lattanzio's obtaining accreditation from COMMTA.

    2. The gravamen of the defendants' discussions in section B of their memorandum can be dispensed with by a simple examination of the accreditation policies and procedures admitted as exhibits in this action. Self-study reports (hereinafter referred to as "SSRs") can be submitted to COMTA only twice per year: April 1 and October 1. SSRs submitted on April 1 are targeted for an accreditation decision on the first day of the ensuing October. Similarly, SSRs submitted on October 1 are targeted for an accreditation decision on the first day of the ensuing April. SSRs submitted significantly prior to such dates will be rejected and returned.

The evidence demonstrated that Galen complied with COMTA's timetable: Galen submitted its SSRs on October 1, 2001, and timely complied with two subsequent requests by Steven Fridley for amendments. Furthermore, the evidence demonstrated that Fridley countenanced an April accreditation contingent on the production by Galen of more documents in December, 2001, with which latter request Galen complied with alacrity. There appear no written insistences or reservations by COMTA that Galen was not ready for an April accreditation and concomitant March onsite inspection visit. Thus, Galen at all times complied with COMTA's own timetable.

3. With respect to the defendants' interpretation of John Goss' testimony, appearing on lines 2 through 4 on page 9 of their memorandum, Goss testified that COMTA does not help applicant schools. This testimony conflicts with that of the defendant Carole Ostendorf, who stated that COMTA's policy is to assist schools.

4. The defendants assert in section D of their memorandum that their onsite team members were qualified. They were so qualified that John Goss was compelled to overrule two of their omissions in their onsite inspection report. If Goss noticed these two errors,

one can imagine what other errors may have slipped through unobserved.

5. Galen reiterates regarding section E of the defendants' memorandum that the central focus of the present action is not whether COMTA should have accredited Galen. This dispute does not revolve around COMTA's decision to deny accreditation. Rather, this dispute is aimed at the process by which COMTA concluded that Galen ostensibly failed to meet the accreditation criteria. The process is, and was, flawed, as argued in Galen's June 8, 2005 trial memorandum. A flawed process or procedure necessarily leads to a flawed result. COMTA's manifold violations of its own policies and procedures, as supported by Lattanzio's testimony and the numerous exhibits, as well as, to a certain extent, by the testimony of Ostendorf, Goss and Griffith, constituted the flawed process. In addition, the multitude of blatant internal inconsistencies in COMTA's own onsite inspection report constitute a flaw or defect in the process, or, at the very least, was symptomatic thereof.

Galen will not address every other proposed finding of fact by the defendants, as conflicting contentions have been raised previously in the Galen and Lattanzio trial memoranda.

                          Plaintiff Galen Institute, LLC

By_____
    Thomas A. Amato
    Its Attorney
    357 East Center Street
    Manchester, CT 06040
    Telephone (860) 643-0318
    Federal bar number ct14221

This is to certify that on July 13, 2005 a copy of the foregoing Reply Memorandum was mailed to all counsel and pro se parties of record, particularly:

Douglas M. Connors
Brian Del Gatto
Stephen P. Brown
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
One Stamford Plaza
263 Tresser Boulevard
Ninth Floor
Stamford, CT 06901

James J. Lattanzio, Jr.
Galen Institute, LLC
1025 Silas Deane Highway
Wethersfield, CT 06109

_____
Thomas A. Amato