

# UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

———————
August Term, 2006
———————

(Submitted: March 7, 2007                                  Decided: March 26, 2007)

Docket No. 05-4800-cv
———————

JIM LATTANZIO,

*Plaintiff,*

GALEN INSTITUTE, LLC,

*Plaintiff-Appellant,*

—v.—

COMTA, COMM. ON MASSAGE THERAPY ACCREDITATION,
CAROLE OSTENDORF AND AMERICAN MASSAGE THERAPY ASSOC., INC.,

*Defendants-Appellees,*

CONNECTICUT CENTER FOR MASSAGE THERAPY, INC.,

*Defendant.*

———————

B e f o r e :

WINTER, WALKER, AND STRAUB, *Circuit Judges.*

———————

Jim Lattanzio and Galen Institute, LLC ("Galen") move to reinstate their appeals of a

judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey,

*Judge*) dismissing their claims against the Commission on Massage Therapy Accreditation,

Carole Ostendorf, and the American Massage Therapy Assoc., Inc.  Because we find Lattanzio's

appeal meritless, we deny with prejudice that branch of the motion seeking to reinstate the appeal

of Lattanzio's *pro se* claims.  To the extent that the motion seeks to reinstate Galen's appeal, we

MANDATE

FILED
UNITED STATES COURT OF APPEALS
MAR 26 2007
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

1    deny it without prejudice to renewal after Galen, a sole member limited liability company,

2    obtains licensed counsel to represent it.

Motion DENIED IN PART WITH PREJUDICE and
DENIED IN PART WITHOUT PREJUDICE.

_____

7    JIM LATTANZIO, *pro se*, Windham, CT, *for Plaintiff and Plaintiff-Appellant.*

9    DOUGLASS M. CONNORS, Wilson Elser Moscowitz Edelman & Dicker LLP,
10    Stamford, CT, *for Defendants-Appellees,*

_____

13    PER CURIAM:

14      Jim Lattanzio, *pro se*, and Galen Institute LLC ("Galen"), a limited liability company

15    formed pursuant to the laws of Connecticut, seek to reinstate their appeals of a judgment of the

16    District Court for the District of Connecticut dismissing their claims. Because Lattanzio's own

17    appeal is meritless, we deny with prejudice that branch of the motion seeking to reinstate it.

18    Further, because Lattanzio is not an attorney, he cannot represent Galen, notwithstanding that he

19    is Galen's sole member. As a result of that defect in representation, we deny without prejudice

20    that branch of the motion seeking to reinstate Galen's appeal. In order to renew its motion,

21    Galen must obtain counsel and, within 45 days of the entry of this opinion, that counsel must file

22    an amended notice of appeal, a notice of appearance, and renewed motion papers.

23      Lattanzio, who is the sole member and executive director of Galen but not an attorney,

24    originally filed this action on behalf of himself and Galen. In short, the complaint alleges that

25    defendants improperly refused to accredit Galen as a massage therapy school. After Lattanzio

26    filed the complaint, Galen obtained counsel to represent its interests.

2

1    After a bench trial, the District Court entered judgment in favor of defendants.  As to

2    Lattanzio's claims, the District Court found that because Lattanzio had always acted on behalf of

3    Galen, which was a separate entity, Lattanzio lacked "any personal relationship with [defendants]

4    which gives rise to a cause of action in [Lattanzio's]own right."  Regarding Galen's claims, the

5    District Court concluded that they failed on the merits.

6    Lattanzio then filed a *pro se* notice of appeal, listing Galen as the appellant.  We

7    dismissed that appeal for failure to comply with our Local Rules.  Lattanzio subsequently filed

8    the present motion to reinstate the appeal, asserting that he wished to appeal *pro se*.

9    If we dismiss an appeal for appellate "default," we generally may reinstate it for good

10   cause shown or "where manifest injustice would otherwise result."  Fed. R. App. P. 2 advisory

11   committee's note to 1967 adoption; *see Wapnick v. Comm'r of Internal Revenue*, 365 F.3d 131,

12   132 (2d Cir. 2004) (per curiam); *Calloway v. Marvel Entm't Group*, 854 F.2d 1452, 1475 (2d

13   Cir. 1988), *rev'd in part on other grounds sub nom Pavelic & LeFlore v. Marvel Entm't Group*,

14   493 U.S. 120 (1989).  Manifest injustice can result when the denial of the motion to reinstate

15   bars an otherwise meritorious claim.  *See Calloway*, 854 F.2d at 1475-76 (examining merits of

16   underlying claim).

17   To the extent that the present motion seeks to reinstate the appeal of Lattanzio's own *pro*

18   *se* claims, the motion is denied with prejudice because Lattanzio's claims are meritless, and were

19   properly dismissed by the District Court.  *See Covington v. City of New York*, 171 F.3d 117, 121

20   (2d Cir. 1999).  With regard to Galen's appeal, we deny the motion without prejudice to renewal

21   because we hold that a sole member limited liability company must be represented by counsel to

22   appear in federal court.

1    We have interpreted 28 U.S.C. § 1654, which governs appearances in federal court, to

2    allow two types of representation: "that by an attorney admitted to the practice of law by a

3    governmental regulatory body and that by a person representing himself." *Eagle Associates v.*

4    *Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks omitted).  The

5    statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Id.*

6    (internal quotation marks omitted).  The principal rationale for ordinarily requiring representation

7    by a licenced attorney is that

8        the conduct of litigation by a nonlawyer creates unusual burdens not only for the
9        party he represents but as well for his adversaries and the court. The lay litigant
10       frequently brings pleadings that are awkwardly drafted, motions that are inarticulately
11       presented, proceedings that are needlessly multiplicative. In addition to lacking the
12       professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical
13       responsibilities . . . .

14   *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).

15   This rationale "applies equally to all artificial entities." *Rowland v. Cal. Men's Colony,*

16   *Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993).  Accordingly, a layperson may not

17   represent a separate legal entity such as a corporation. *See, e.g., Eagle Associates*, 926 F.2d at

18   1308; *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per

19   curiam).  We have extended this reasoning to partnerships and single shareholder corporations, as

20   well as to shareholders who file derivative suits. *See Eagle Associates*, 926 F.2d at 1310

21   (partnership); *Jones*, 722 F.2d at 23 (single shareholder corporation); *Phillips v. Tobin*, 548 F.2d

22   408, 415 (2d Cir. 1976) (shareholder derivative suits).  Further, the Supreme Court has

23   acknowledged that, "save in a few aberrant cases, the lower courts have uniformly held that 28

24   U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal

4

1    court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (footnote omitted).

2            Because both a partnership and a corporation must appear through licensed counsel, and

3    because a limited liability company is a hybrid of the partnership and corporate forms, *see*

4    *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 631-32 (S.D.N.Y. 2006), a limited

5    liability company also may appear in federal court only through a licensed attorney.  Other courts

6    that have addressed this issue have reached similar conclusions.  *See, e.g.*, *Gilley v. Shoffner*, 345

7    F. Supp.2d 563, 566-67 (M.D.N.C. 2004); *Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F.

8    Supp.2d 962, 963 (E.D. Wis. 2002).

9            Further, we see no reason to distinguish between limited liability companies and sole

10   member or solely-owned limited liability companies.  Although some courts allow sole

11   proprietorships to proceed *pro se*, *see generally National Independent Theatre Exhibitors, Inc. v.*

12   *Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984), a sole proprietorship has no

13   legal existence apart from its owner, *see United States v. Fox*, 721 F.2d 32, 36 (2d Cir. 1983).

14   Unlike a sole proprietorship, a sole member limited liability company is a distinct legal entity

15   that is separate from its owner.  For example, in Connecticut, a limited liability company has the

16   power to sue or be sued in its own name.  CONN. GEN. STAT. §§ 34-124(b), 34-186.

17           Moreover, in refusing to distinguish between a single shareholder corporation and a

18   multi-shareholder corporation, we have reasoned that

19           [t]o allow [the lay individual] to appear *pro se* in this suit would be allowing him
20           to flout a well-established and purposeful public policy by means of a procedural
21           device. [The lay individual] chose to accept the advantages of incorporation and
22           must now bear the burdens of that incorporation; thus, he must have an attorney
23           present the corporation's legal claims.

24   *Jones*, 722 F.2d at 23 (quoting *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20

5

1    (S.D.N.Y. 1974), *aff'd*, 508 F.2d 837 (2d Cir.)).  Similarly, a sole member of a limited liability

2    company must bear the burdens that accompany the benefits of the corporate form and may

3    appear in federal court only through a licensed attorney.

4          Accordingly, to the extent that the motion seeks to reinstate Galen's appeal, we DENY it

5    WITHOUT PREJUDICE to renewal after Galen obtains a licensed attorney to represent it. If

6    Galen obtains counsel, counsel must file, within 45 days of the entry of this opinion, an amended

7    notice of appeal and a notice of appearance, along with the renewed motion.  To the extent that

8    the motion seeks to reinstate Lattanzio's appeal, we DENY it WITH PREJUDICE.

A TRUE COPY
Thomas W. Asreen, Acting Clerk
By                    DEPUTY CLERK